**WESCO PRODUCTS CO. and Donald Horwitz, Plaintiff–Appellee,**

v.

**ALLOY AUTOMOTIVE CO., Defendant–Appellant,**

and

**Continental Illinois National Bank & Trust Co., Defendant.**

**No. 88–2832.**

United States Court of Appeals, Seventh Circuit.

Argued March 29, 1989.

Decided July 31, 1989.

Rehearing and Rehearing En Banc Denied Sept. 6, 1989.

Forrest L. Ingram, John E. Gierum, John B. Kalish, Kalish & Associates, Chicago, Ill., for plaintiff-appellee.

Peter Flynn, Myron M. Cherry, Cherry & Flynn, Chicago, Ill., for defendant-appellant.

John N. Heaphy, Mayer, Brown & Platt, Chicago, Ill., for defendant.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

Alloy Automotive Company appeals from a district court decision vacating a prior order of the bankruptcy court under Rule 60 of the Federal Rules of Civil Procedure. For the reasons discussed below, we reverse.

## I.

In October 1980, appellee Wesco Products Corporation filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The case was docketed in the bankruptcy court for the Northern District of Illinois and assigned the docket number 80 B 13232. Subsequently, in September 1981, Wesco filed an adversary proceeding against Alloy Automotive Company, a prospective purchaser of Wesco's assets, in the same court. That case was assigned the docket number 81 A 3141. 90 B.R. 331 (N.D.Ill.1988).

Over the next several years, Wesco failed to pursue either the Chapter 11 reorganization or the adversary proceeding, although its sole shareholder, Donald Horwitz, filed a related suit against Alloy in the district court. In January, 1985, bankruptcy judge Robert Eisen, acting upon the trustee's recommendation, dismissed the Chapter 11 petition. In the process, he made the following comment about the adversary proceeding which was entered on the docket sheet for case number 80 B 13232: "The adversary proceeding is rendered moot by the dismissal of the bankruptcy case and is therefore adjourned sine die." The meaning of this cryptic statement is open to dispute. Both Judge Wedoff, the bankruptcy judge who entertained Wesco's Rule 60 motion,[1] and the district court concluded that this statement manifested an intention to dismiss the adversary proceeding without prejudice along with the Chapter 11 petition although another plausible interpretation is that Judge Eisen merely intended to postpone a final decision on the merits of the adversary proceeding until a later date—Judge Eisen after all did not use the phrase sine die in dismissing the Chapter 11 petition. It is undisputed, however, that no order of dismissal was entered on the docket for the adversary proceeding as required by Bankruptcy Rules 5003 and 9021. Consequently, there was no final judgment as to case number 81 A 3141. *See In re American Precision Vibrator Company*, 863 F.2d 428, 429 (5th Cir.1989).

After the Chapter 11 petition was dismissed, Wesco joined Horwitz' suit in the district court. In August 1986, some nineteen months after the events of January

---

**1.** Judge Eisen had retired in the interval between the entry of the challenged order and the filing of Wesco's Rule 60 motion.

1985, Judge Eisen notified Wesco and Alloy that a status hearing on case number 81 A 3141, the adversary proceeding in the bankruptcy court, had been scheduled for September 2, 1986, "to determine whether the adversary proceeding should be adjourned without further date." The court stated that a failure to appear would result in a dismissal of the adversary proceeding with leave to reinstate. Despite this communication, neither party appeared at the September 2 status hearing. As a result, Judge Eisen entered an order dismissing the adversary proceeding for lack of prosecution.

In January, 1988, Wesco, concerned about the possible *res judicata* effect of the September 2 order on the ongoing district court proceedings,[2] filed a motion to vacate the order in the bankruptcy court under Bankruptcy Rule 9024, the Bankruptcy Code's counterpart to Federal Rule of Civil Procedure 60. Judge Wedoff, after noting that the usual practice in the bankruptcy courts is to dismiss all related proceedings along with the bankruptcy case, *see In re Smith*, 866 F.2d 576, 580 (3rd Cir.1989) and that the term without date contained in the August communication to the parties was the English equivalent of the phrase sine die, determined that Judge Eisen had intended to dismiss the adversary proceeding along with the Chapter 11 petition in January, 1985. In addition, he found that the September 2, 1986 status hearing which culminated in a dismissal of the adversary proceeding for lack of prosecution would never have been held had the sine die comment been entered on the appropriate docket sheet. Accordingly, Judge Wedoff vacated the September 2, order and entered a new order dismissing the adversary proceeding without prejudice. Judge Wedoff based this ruling on both Rule 60(a) and Rule 60(b)(6). On appeal, the district court[3] affirmed Judge Wedoff's decision while disagreeing with part of his reasoning. The district court

held that Rule 60(a) was not a proper vehicle for vacating the September 2, 1986 order but agreed with the bankruptcy judge that Rule 60(b)(6) relief was appropriate. Alloy appeals from this decision.

## II.

Rule 60 of the Federal Rules of Civil Procedure regulates the procedures for obtaining relief from final judgments. C. Wright & A. Miller, *Federal Practice and Procedure* § 2851 at 140. (2nd ed. 1983). The provision itself is divided into two sections. Rule 60(a) provides for relief from final judgments infected by clerical error. Rule 60(b) contains five clauses delineating specific grounds for obtaining relief as well as a catchall clause in Rule 60(b)(6). Motions to correct clerical errors may be brought at any time prior to the docketing of an appeal. Motions under Rule 60(b) are subject to varying time limitations. Thus, motions alleging grounds for relief delineated in the first three clauses of Rule 60(b) must be brought within one year after the entry of the final judgment. In contrast, motions brought under the last three clauses are not subject to an express time limitation but must only be filed within a reasonable time of the entry of judgment.

Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive. *See Waggoner v. McGray*, 743 F.2d 643, 645 (9th Cir.1984). *See also* J. Moore, *Moore's Federal Practice*, ¶ 60.27 at 60–266. Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available. The rationale underlying this principle is that the one year time limit applicable to the first three clauses of Rule 60(b) would be meaningless if relief was also available under the catchall provision. *See In re Met–L–Wood Corporation*, 861 F.2d 1012, 1018 (7th Cir.1988), *cert. den. Gekas v. Pipin*,

---

**2.** Alloy had discovered the September 2, 1986 order during a search of the bankruptcy docket and, in support of its motion for summary judgment in the district court, had argued that the order had *res judicata* effect.

**3.** For reasons not explained to the panel, Alloy's appeal was not considered by the district judge who is presently evaluating its *res judicata* argument.

—— U.S. ——, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989).

The problem presented by this case, therefore, is characterizing the nature of Wesco's claim for relief. As noted above, the bankruptcy judge held that Wesco's claim fell under the rubric of both Rule 60(a) and Rule 60(b)(6). The district court, however, rejected this view and held that relief was only available under Rule 60(b)(6).

■ The divergence in views between the bankruptcy and district judges reflects the difficulty courts often encounter in determining whether motions are brought to correct clerical errors. In this circuit, we have identified the relevant distinction as being between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error. *See United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir.1986). Thus, "[i]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, [ ] the parties must seek another source of authority to correct the mistake." *Id.* at 1396–97.

Evaluated under the *Griffin* standard, it is apparent that Wesco's claim for relief does not fall within the terms of Rule 60(a). Wesco does not claim that the September 2, 1986 dismissal for lack of prosecution did not reflect the bankruptcy court's intentions at the time it was entered. Rather, Wesco objects to the manner in which the order was entered i.e. for lack of prosecution as opposed to with leave to reinstate. The asserted error is not in the clerk's transcription but in the bankruptcy judge's decision, a ground for relief not contained in Rule 60(a). Consequently, Wesco must seek another source of authority to vacate the September 2, 1986 order.[4]

■ One such source might be Rule 60(b)(4) which provides for relief from void judgments. Both the bankruptcy court and the district judge concluded that relief under Rule 60(b)(4) was not available to the plaintiff. We agree.

A void judgment for purposes of Rule 60(b)(4) is generally defined as a judgment entered by a court without jurisdiction or in contravention of due process of law. *See Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir.1981), *cert. den.* 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982). The September 2, 1986 order was clearly not void within the meaning of Rule 60(b)(4). There is no suggestion that the order itself was inconsistent with due process. In addition, the bankruptcy judge had jurisdiction over the adversary proceeding on that date since no order of dismissal had been entered on the adversary docket as required by Bankruptcy Rules 5003 and 9021. Consequently, Rule 60(b)(4) relief was not available to Wesco in this case.

■ There is yet another possibility, one not considered by either court below—Rule 60(b)(1). Rule 60(b)(1) provides for relief from final judgments that are the product of mistake, inadvertence, surprise or excusable neglect. This provision applies to er-

4. This decision does not conflict with the Fifth Circuit's recent division in *In re American Precision Vibrator Company*, 863 F.2d 428, (5th Cir. 1989). In that case, a creditor had filed a motion to dismiss the debtor's bankruptcy petition. The debtor filed an opposition to this motion within the period prescribed by local law but the opposition was not docketed until later due to clerical error. The bankruptcy judge dismissed the petition with prejudice on the ground that the debtor had not filed an opposition within the requisite time period. Subsequently, the bankruptcy judge issued an order denying the motion to dismiss but curiously refused to vacate his prior order granting the motion to dismiss. The Fifth Circuit vacated the dismissal order under Rule 60(a) as the product of a clerical error. The court, however, cognizant of the impact that its logic might have on the finality of judgments—corrections under Rule 60(a) may be made at any time and do not require a motion by a party—limited its decision to the unusual facts of the case before it where the erroneous decision necessarily resulted from the clerical error. In particular, the court emphasized that a more attenuated connection between clerical mistake and consequence would render its decision inapplicable. *Id.* at 432. In the present case, there is not a direct connection between the clerical error and dismissal with prejudice for it was possible that Judge Eisen would have dismissed the adversary proceeding for want of prosecution even if he had been aware of his previous comment.

rors by judicial officers as well as parties. *See Buggs v. Elgin, Joliet & Eastern Ry. Co.*, 852 F.2d 318, 322 (7th Cir.1988); *Bank of California v. Arthur Anderson & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983).

■ In our view, Wesco's claim for relief falls squarely within the ambit of Rule 60(b)(1). Wesco's motion alleges that the decision to dismiss the adversary proceeding for lack of prosecution stemmed from Judge Eisen's lack of access to information about the events of January, 1985 and requested that the September 2, 1986 order be modified to conform to his apparent intention in 1985. Thus, Wesco's motion requested that the apparent dismissal with prejudice be modified to read without prejudice. This is precisely the type of claim, however, that falls under Rule 60(b)(1). *See Bank of California v. Andersen*, 709 F.2d 1174, 1176–77 (7th Cir.1983).

In sum, we find that Wesco's motion asserted grounds for relief contained in Rule 60(b)(1). Consequently, its motion is subject to the one year time limitation applicable to motions under that provision. Unfortunately for Wesco, its motion was not brought within one year of the September 2, 1986 order. As the one year time limit is jurisdictional and may not be extended in any event, *Ackermann v. United States*, 340 U.S. 193, 197, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950), we conclude that Judge Wedoff lacked jurisdiction to consider the merits of Wesco's motion and therefore reverse the district court's decision vacating Judge Eisen's September 2, 1986 order.[5]

REVERSED.

RIPPLE, Circuit Judge, dissenting.

There has always been a tension between the provisions of Rule 60(b)(1) and Rule 60(b)(6). This is a tension born of an understandable judicial concern for finality of judgments. Rule 60(b)(1) permits relief, within one year after entry of judgment,

5. The majority finds itself in disagreement with the dissenting opinion in several respects. First unlike the cases cited by the dissent, this case does not involve a claim that the challenged order was the product of a judge's affirmative misrepresentation. Rather, Wesco's claim is that the September 2, 1986 order stemmed from some error in January, 1985.

Second, the dissent's statement that the district court showed no hesitation in articulating and applying the controlling legal principle is not supported by the record. The guiding principle in this case *i.e.* that 60(b)(1) and 60(b)(6) are mutually exclusive contains a corollary—a court must look to 60(b)(1) before it even considers 60(b)(6). The district court in this case noted Alloy's 60(b)(1) argument then proceeded not to address it. Even assuming, however, that the district court can be said to have deferred to the bankruptcy judge's 60(b)(1)–60(b)(6) decision, this deference was not warranted for the bankruptcy judge's "analysis" of the 60(b)(1) question consisted of the following statement: "To the extent that Wesco makes any claim under Rule 60(b)(1) ... its too late. Under [the] terms of Rule 60(b), claims of that sort have to be brought within one year and the motion was not brought until January of this year ..." It is difficult to conclude that this statement reflects an understanding of the tension between 60(b)(1) and 60(b)(6).

Third, the dissent argues that by failing to defer to a lower court's characterization of a claim under Rule 60, we will destabilize institutional relationships. Initially, we note that an appellate court is not required to give deference to a lower court's decision on an issue of this type. *Cf. Klingman v. Levinson*, 877 F.2d 1357, 1360 (7th Cir.1989) (recharacterizing a Rule 60(b)(6) motion as a Rule 60(a) motion without giving any deference to the district court's characterization). Moreover, even if this issue was reviewed under an abuse of discretion standard, we would reach the same result. As noted above, there was no meaningful analysis of Rule 60(b)(1) below. Consequently, there is no decision to which we can defer. Finally, we find it difficult to imagine how a decision that merely reaffirms and applies a principle that has been the law in this circuit since 1972, *i.e.* that 60(b)(1) and 60(b)(6) are mutually exclusive, *see Bershad v. McDonough*, 469 F.2d 1333, 1336 n. 5 (7th Cir.1972) will engender institutional damage.

Fourth, the dissent charges the majority with producing an unjust result. *Res judicata* however, is not an inflexible principle, *see* C. Wright & A. Miller, *Federal Practice and Procedure*, § 4415 (2d ed. 1981), and Wesco is not precluded from arguing that an exception to the doctrine should apply. In fact, the dissent's concern about the injustice produced by our decision is somewhat ironic in view of Wesco's own view of the merits of a potential *res judicata* argument. In its submission to Judge Wedoff, *Wesco* made the following comment about this argument: "[A]lthough Wesco sees no merit to such argument, Wesco believes the simplest way to prevent more ink being spilled on such an issue in the District Court is to request the Bankruptcy Court to rectify the record."

for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) permits relief beyond that one-year time limit, but requires, as Justice Black put it, "an extraordinary situation which cannot fairly or logically be classified as mere 'neglect.'" *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949) (opinion of Black, J.).

The determination of whether such "extraordinary circumstances" are present requires an evaluation of the dynamics of an often complex and, just as often, convoluted litigation situation. It has long been recognized that such judgments are most accurately made by the judicial officer closest to the environment in which the decision was made. Here, the original decision to characterize the underlying situation as worthy of Rule 60(b)(6) relief was made by a judge of the bankruptcy court in which the judgment was entered. This judge was not the judge who had entered the order but another judge of the same court. His determination was made after a thorough review of the docket and the transcript. As even a cursory reading of his oral ruling makes clear, that determination was based in large part on his estimation, as a judge of that bankruptcy court, of the reasonableness of the parties' reactions to the orders of the bankruptcy court.

The first appeal of the bankruptcy court's grant of relief was taken to the district court. Several aspects of the district court's decision are particularly worth noting. First, the district court fully understood that, as a matter of law, it had to determine the applicable subsection of Rule 60. It rejected an application of Rule 60(a). It then had to choose between the applicability of Rule 60(b)(1) and Rule 60(b)(6). With respect to this second determination, the district court was clearly aware of Alloy's submission that relief under each clause of Rule 60(b) was exclusive of relief under the other. The district court was also well aware that " 'relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.' " Mem. op. at 8 (quoting *Margoles v. Johns*, 798 F.2d 1069,

1073 (7th Cir.1986), *cert. denied*, 482 U.S. 905, 107 S.Ct. 2482, 96 L.Ed.2d 374 (1987)). Clearly, then, there was no abdication on the part of the district court with respect to issues of law. Nor was there any error in its articulation of the governing standards.

At the same time, in applying those legal standards, the district court realized that the bankruptcy judge's determination rested on the subtle evaluation of the peculiar factual circumstances of this case. Consequently, on this point, the district court realized that its task was to determine whether the bankruptcy judge's evaluation was "off base," mem. op. at 8, or not "carefully considered and supported by facts." *Id.* at 12. In a detailed and thoughtful opinion, the district court analyzed how the original bankruptcy judge's careless use of legal phraseology apparently led to a clerical error that, in turn, led to unnecessary judicial action at a "housekeeping" status call. It also found as well supported the bankruptcy court's determination that this calendar call, given the entire litigation history, could not have suggested to Wesco that there was any error in need of correction. Notably, the district court stressed that the notice of the September 2, 1986 status call affirmatively told the parties that failure to appear at this status call would result in a dismissal with leave to reinstate. The dismissal actually entered was for want of prosecution "with the potential reinstatement problems that such a dismissal might engender." Mem. op. at 11. *See* Fed.R.Civ.P. 41(c). Given this factor, it is not at all unusual that the district court did not prolong its opinion with a protracted discussion of the 60(b)(1) alternative. It is no extraordinary proposition that the affirmative misleading of a party by judicial process can constitute the "extraordinary circumstances" demanded by Rule 60(b)(6)—especially when, as here, that misleading produces the potential for substantial injustice. *Tubbs v. Campbell*, 731 F.2d 1214, 1215–16 (5th Cir. 1984) (affirmative and persistent misleading by court clerk, telling parties that no judgment had been entered, when, in fact, district court had issued judgment, gave

rise to Rule 60(b)(6) relief); *Marshall v. Boyd,* 658 F.2d 552, 554–55 (8th Cir.1981) (district court's *sua sponte* entry of default judgment without first giving parties notice that it was contemplating such action gave rise to Rule 60(b)(6) relief to vacate the judgment); *Buckeye Cellulose Corp. v. Braggs Elec. Const. Co.,* 569 F.2d 1036, 1038–39 (8th Cir.1978) (court clerk affirmatively misled parties who diligently sought court's judgment, informing them that no judgment had been entered, when, in fact, contrary was true; Rule 60(b)(6) relief warranted "to promote the ends of justice"); *Fidelity & Dep. Co. v. USAFORM Hail Pool, Inc.,* 523 F.2d 744, 750–51 (5th Cir. 1975) (district court and court clerk affirmatively misled parties regarding entry of judgment; Rule 60(b)(6) relief proper), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976). Faced with such misleading of a party, a situation clearly covered by Rule 60(b)(6), the bankruptcy judge acted well within his discretion in granting relief. *See North Cent. Illinois Laborers' Dist. Council v. S.J. Groves & Sons Co.,* 842 F.2d 164, 168 & n. 7 (7th Cir.1988).

In reviewing the judgment of the district court, I respectfully suggest that we ought to emulate its understanding of the appropriate institutional relationship of a court of first instance and a reviewing court in dealing with Rule 60(b) matters. On issues of law, the district court showed no hesitation, nor should we, in articulating and applying the controlling legal principle. However, in evaluating the factual dynamics of the particular litigation situation, we ought to acknowledge that the estimation of the judicial officer closest to the scene deserves significant deference. *See Mucha v. King,* 792 F.2d 602, 605 (7th Cir.1986). However, even if the court is not willing to acknowledge the traditional boundaries on its institutional role, it should at least acknowledge that affirmatively misleading a party through the judicial process constitutes adequate grounds, at least under the circumstances here, for the invocation of Rule 60(b)(6).

Because I believe that the court's disposition is unsound as a matter of legal principle, destabilizing in its treatment of institutional relationships, and unjust in its treatment of the parties, I respectfully dissent.