In re Arthur ZUSSMAN, Debtor.

Arthur ZUSSMAN, Plaintiff,

v.

Richard SMILGOFF, Defendant.

Bankruptcy No. 83 B 0177.
Adversary No. 85 A 0388.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Aug. 5, 1993.

Arthur D. Zussman, debtor, pro se.

Jerome H. Torshen, Torshen, Schoenfield & Spreyer, Ltd., Chicago, IL, Represents Richard Smilgoff, plaintiff.

M. Scott Michel, U.S. Trustee, Chicago, IL.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Arthur Zussman ("Zussman") pursuant to Federal Rule of Civil Procedure 60(a) to correct the record, and the opposition thereto of Richard Smilgoff ("Smilgoff") who seeks sanctions against Zussman under Federal Rule of Civil Procedure 11. For the reasons set forth herein, the Court having considered the pleadings, exhibits and affidavits, hereby denies the motion to correct the record and the request for sanctions.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### II. FACTS AND BACKGROUND

On January 5, 1983, Zussman filed a Chapter 13 petition and supporting schedules.[1] He filed a plan on March 3, 1983 which was confirmed on June 6, 1983. Zussman ultimately received his Chapter 13 discharge. The Chapter 13 trustee's report and account was filed and approved. The bankruptcy case was finally closed in 1990. That, however, did not end Zussman's endeavors before this Court. The instant adversary proceeding he filed against Smilgoff in 1985 remains at bar as a result of the pending motion.

The docket in this adversary proceeding[2] shows that the complaint against Smilgoff, filed on April 1, 1985, sought an accounting for partnership profits from their former law practice. Zussman's attorney caused the Clerk of the Bankruptcy Court to issue summons, although no return of service is reflected on the docket or contained within the file. Smilgoff's attorneys filed their appearances on his behalf on May 1, 1985. Subsequent status hearings were held on the complaint and adjourned to June 20, 1985, and August 8, 1985 when the matter was adjourned *sine die* according to the docket sheet. Thereafter, Judge Eisen dismissed the complaint for want of prosecution by order docketed January 29, 1986. A subsequent hearing was held on Zussman's motion to vacate the dismissal for want of prosecution presented on February 20, 1986.

---

1. The case was originally assigned to the Honorable Robert Eisen, since retired. On July 11, 1985, the case was thereafter reassigned to the late Honorable Frederick Hertz, who subsequently retired, but not before he dismissed and reinstated the case. It was then reassigned to the Honorable Erwin I. Katz in 1987. Once again, the case was reassigned to the undersigned on February 2, 1988.

2. The adversary proceeding was assigned to Judge Eisen. It was never reassigned but was closed in June 1986 while it was still assigned to Judge Eisen.

By agreed order docketed February 25, 1986, the complaint was reinstated by Judge Eisen and set for further status hearing on March 13, 1986. The docket reflects that on March 13, 1986 the status hearing was adjourned to April 29, 1986. On that date the critical order (the "April 29, 1986 Order") was signed by Judge Eisen, dismissing movant's *motion* for want of prosecution (emphasis added). This order was docketed on June 12, 1986. Thereafter, the adversary proceeding was closed on June 30, 1986. It laid dormant for almost four years.

On May 24, 1990, Zussman, represented by another attorney, filed a motion to correct the record and for abstention contending that the April 29, 1986 Order was apparently entered in error because the motion to vacate the order of dismissal was allowed by the agreed order docketed February 25, 1986. That motion further alleged that Smilgoff had since died, his estate was in probate in state court, Zussman had filed a proof of claim therein, and the probate court was a more appropriate forum to adjudicate Zussman's accounting claim and thus, this record should be corrected and this Court should abstain. The Court set this motion over to June 25, 1990. On that date, an order was entered continuing it for further hearing to July 16, 1990, giving Zussman leave to file supporting documents on or before July 9, 1990. No such supporting documents were ever filed and the transcript of the July 16, 1990 hearing shows that Smilgoff's attorney appeared, but neither Zussman nor either of his attorneys appeared.

From the record then before the Court, it found that on April 29, 1986, Judge Eisen apparently dismissed this adversary proceeding for want of prosecution. Lacking any supporting evidence to afford relief under Rule 60(b), coupled with Zussman's failure to prosecute the motion, the Court denied same. The Court noted that if Zussman could find ample evidence to support a Rule 60(a) motion to correct the record for clerical error, upon proof of same, and on notice, the Court could entertain any other motion that might be brought. Apparently

loathe to forego such invitation, Zussman, now pro se, belatedly accepted on March 4, 1993, by filing the instant motion. Smilgoff objects and contends that the motion violates Rule 11. He seeks sanctions thereunder for an unspecified amount of attorney's fees. No transcript of the April 29, 1986 hearing has ever been furnished to this Judge.

### III. *ARGUMENTS OF THE PARTIES*

Zussman states that the April 29, 1986 Order, as construed by this Judge on July 16, 1990, led to the probate division of the Circuit Court of Lake County, Illinois, entering summary judgment and dismissal of Zussman's claims made there resulting in appeals. According to Zussman, the April 29, 1986 Order erroneously dismissed the motion to vacate, not the adversary proceeding. Zussman contends the state court misinterpreted the April 29, 1986 Order, and thus provided no proper basis for striking his probate claims. Zussman concludes that the record here should be corrected to reinstate the adversary proceeding, and the order of July 16, 1990 should be vacated and modified consistent with the April 29, 1986 Order.

Zussman filed a supporting memorandum of law and statement of facts on April 13, 1993, citing various Illinois and other case law in support of his conclusion that the complaint for accounting in this dismissed adversary proceeding did not operate to adjudicate or bar his state court action. Zussman filed a twenty-nine page amended memorandum and statement of facts, plus a copy of the transcript of proceedings before this Judge on July 16, 1990, along with copies of the orders entered by Judge Eisen and the docket sheet. In addition, Zussman has furnished copies of various orders and mandates from the Appellate and Supreme Courts of the State of Illinois affirming the circuit court's dismissal of the probate matter. From these documents and arguments (described by Smilgoff as a shambles, riddled with errors and misspellings, and generally incomprehensible), the Court can discern that Zussman is not only unhappy with the end

result in the state court litigation, but contends that somehow it is all traceable to the April 29, 1986 Order.

Smilgoff notes that in June 1990, on Zussman's last motion, the Court gave Zussman leave to file supporting documents, but that he failed to do so. On July 16, 1990, both Zussman and his attorney failed to appear, leading to denial of that motion. Smilgoff further points out Zussman failed to furnish any transcripts of the 1986 hearings before Judge Eisen. Moreover, on April 29, 1986, the only pending motion was Zussman's motion to default Smilgoff. When Zussman or his first attorney failed to appear, Judge Eisen's dismissal was for want of prosecution, and there was no clerical error. Absent the critical transcript of the April 29, 1986 hearing, Smilgoff contends that it is impossible to know what Judge Eisen stated as his holding, and thus, it is impossible to show clerical error remediable under Rule 60(a).

Furthermore, Smilgoff argues if error was made by Judge Eisen, it was a judicial error, not clerical, only remediable as a mistake under Rule 60(b)(1), and subject to its one-year statute of limitation. Because Zussman has waited almost seven years after the April 29, 1986 Order was docketed, and over three years since his last motion was denied for want of prosecution, this motion should be denied. Moreover, Zussman's delays are unexplained and relief sought should be barred by the doctrine of laches. Smilgoff seeks sanctions arguing the motion is not well-grounded in fact, is not warranted by existing law, nor a good faith argument for extension, modification or reversal of existing law. Smilgoff contends the motion seeks to harass and needlessly increase litigation costs.

In reply, Zussman states that Smilgoff never filed an answer to the complaint. Zussman maintains that the motion is timely because it was brought within seven days of the issuance of the state court appellate mandate. He contends his state court appeals stayed matters before this Court. Additionally, Zussman states it was a clerical error for Judge Eisen to dismiss

the adversary proceeding. A reasonable construction of the record is that on April 29, 1986, only the already allowed motion to vacate the prior dismissal for want of prosecution was erroneously denied. Zussman claims that such error can be corrected under Rule 60(a). Zussman concludes only his motion to default Smilgoff for want of a responsive pleading was dismissed, not the entire adversary proceeding.

## IV. STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 60(a)

■ Federal Rule of Civil Procedure 60(a), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, with exceptions not relevant here, provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Fed.R.Civ.P. 60(a). Rule 60(a), providing for correction of clerical mistakes in a judgment at any time, applies to all clerical miscues, trivial and important alike. When a "flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another means of authority to correct the mistake." *Klingman v. Levinson,* 877 F.2d 1357, 1361 (7th Cir.1989) *quoting United States v. Griffin,* 782 F.2d 1393, 1396 (7th Cir.1986).

■ Rule 60(a) deals with errors, oversights, omissions and unintended acts or failures which result in a record that does not properly reflect the intention of the

parties or the court. Any substantive adjustment of the record must come under Rule 60(b). 9 *Collier on Bankruptcy,* ¶ 9024.03 at 9024–4 (15th ed. and 1993 Supp.). It is clear that errors of a serious or substantial nature are not included, and thus Rule 60(a) does not apply to action or non-action that properly reflects the then intention of the parties or the court. 3 J. Moore, *Moore's Federal Practice and Procedure,* § 26.02[2] (1988 and 1993 Supp). Rule 60(a) exists not to alter a judgment, but rather to make it state accurately what the judgment is. Common examples of clerical errors include erroneous mathematical computations, such as in damage awards. In exercising the power to correct mistakes that may legitimately be said to be clerical, the court's discretion should be exercised only on a clear showing of mistake. *Id.* n. 11 (collecting cases). Errors of law, not mere oversights or omissions, should be covered under Rule 60(b). Relief from a judgment is available at any time for correction of clerical errors in entry of judgment, even after affirmance of judgment by the court of appeals. *Wallace v. Mulholland,* 957 F.2d 333, 335 n. 2 (7th Cir.1992). In determining whether a motion for relief from final judgment is brought to correct clerical error or for some other ground, the relevant distinction is between changes that implement results intended by the court at the time the order was entered, and changes that alter the original meaning to correct legal or factual error. *Wesco Products Co. v. Alloy Automotive Co.,* 880 F.2d 981, 984 (7th Cir. 1989).

In *Wesco,* the mistake sought to be corrected was not a clerical error, but the judge's order itself. The court pointed out that the dismissal for lack of prosecution (the mistake in question) reflected the bankruptcy judge's intention at the time it was entered, and consequently, Rule 60(a) did not apply. The court conceded, however, that the dismissal may have been based upon a clerical error, but "[t]here is not a direct connection between the clerical error and dismissal with prejudice for it was possible that Judge Eisen would have dismissed the adversary proceeding for want

of prosecution even if he had been aware of his previous comment." *Id.* at 984 n. 4. The Court notes that may well have been the same situation in this matter, involving a similar effective result from the same Judge Eisen.

### B. *THE DOCTRINE OF LACHES*

The doctrine of laches arises due to a change in the conditions of the parties. *Lingenfelter v. Keystone Consol. Industries, Inc.,* 691 F.2d 339, 340 (7th Cir.1982). If a plaintiff unjustifiably delays in pursuing a cause of action and the defendant is prejudiced by the delay, the laches doctrine bars the plaintiff from proceeding. In order for the doctrine to apply, a party must show both that there was a lack of due diligence on the part of the party against whom the doctrine is to be imposed, and that the other party was prejudiced by that delay. *Herman v. Chicago,* 870 F.2d 400, 401 (7th Cir.1989); *Smith v. Chicago,* 769 F.2d 408, 410 (7th Cir.1985). Whether to employ the doctrine rests within the sound discretion of the Court. *Baker Mfg. Co. v. Whitewater Mfg. Co.,* 430 F.2d 1008, 1011–1015 (7th Cir.1970), *cert. denied,* 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971). The plaintiff bears the burden of explaining the reason for the delay in pursuing the action. *Zelazny v. Lyng,* 853 F.2d 540, 541 (7th Cir.1988). Moreover, if "the delay is inexcusable, then the defendant must show prejudice." *Lingenfelter,* 691 F.2d at 340. The *Zelazny* court further explained:

> [T]he plaintiff's inexcusable delay is relevant to whether actual prejudice has been shown. "If only a short period of time has elapsed since the accrual of the claim, the magnitude of prejudice require[d] before the suit should be barred is great, whereas if the delay is lengthy, prejudice is more likely to have occurred and less proof of prejudice will be required."

*Zelazny,* 853 F.2d at 543 *quoting Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 807 (8th Cir.1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980). The Court declines to apply the doctrine of laches because Smilgoff has

failed to demonstrate any prejudice suffered by him as a result of Zussman's delay. Moreover, Rule 60(a) does not contain a statute of limitations. Rather, it allows for errors to be corrected "at any time." Fed.R.Civ.P. 60(a).

## C. *FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011*

Bankruptcy Rule 9011(a) provides in relevant part:

> A party who is not represented by an attorney shall sign all papers.... The signature of ... a party constitutes a certificate that the ... party has read the document; that to the best of the ... party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Bankr.P. 9011(a).

■■■■■■ Bankruptcy Rule 9011 and Federal Rule 11 of Civil Procedure are analogous although the former Rule, rather than the latter applies in this forum. Thus, the authorities construing Rule 11 are applicable to the case at bar. The Court has jurisdiction to impose sanctions under these rules. *In re TCI, Ltd.*, 769 F.2d 441, 448 (7th Cir.1985); *In re Memorial Estates, Inc.*, 132 B.R. 19, 22 (N.D.Ill.1991). The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–1080 (7th Cir.1987), *cert. denied*, 485 U.S.

901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). While pro se litigants are frequently given latitude in the review of their filings, Rule 9011 is applicable to them. *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 661–662 (7th Cir.1987). It is well established that "[t]he standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1435 (7th Cir.1987); *see Dreis & Krump Mfg. Co. v. International Asso. of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 255 (7th Cir.1986).

The Seventh Circuit has interpreted Rule 11 as creating four criteria:

> The Rule contains several strands. There must be "reasonable inquiry" into both fact and law; there must be good faith (that is, the paper may not be interposed "to harass"); the legal theory must be objectively "warranted by existing law or a good faith argument" for the modification of existing law; and the lawyer must believe that the complaint is "well grounded in fact." The attorney filing the complaint or other paper must satisfy all four requirements.

*Thompson v. Duke*, 940 F.2d 192, 195 (7th Cir.1991) *quoting Szabo*, 823 F.2d at 1080.

■■■■ A pleading, motion, or paper is not well-grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing. *Frazier v. Cast*, 771 F.2d 259, 263–265 (7th Cir.1985). A filing or pleading is well-grounded in fact if it has a reasonable basis in fact. *Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223 (7th Cir.1990) (factual pleading error did not rise to level of sanctionable conduct). "A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S.

533, 542, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1991).

The amount and nature of sanctions to be imposed is left to the discretion of the Court. *Insurance Ben. Admrs., Inc. v. Martin,* 871 F.2d 1354, 1359 (7th Cir.1989); *Frantz v. United States Powerlifting Federation,* 836 F.2d 1063, 1066 (7th Cir.1987); *Diversified Technologies Corp. v. Jerome Technologies, Inc.,* 118 F.R.D. 445, 453 (N.D.Ill.1988). The severity of sanctions imposed should be proportionate to the violation, but should not be overly severe. *Brown,* 830 F.2d at 1437. The mitigation of damages principle applies. *Melrose v. Shearson/American Express, Inc.,* 898 F.2d 1209, 1216 (7th Cir. 1990).

## V. *DISCUSSION*

The ultimate question is whether Judge Eisen on April 29, 1986, intended only to dismiss Zussman's unfiled motion for a default against Smilgoff for failure to answer, or to dismiss the entire adversary proceeding for want of prosecution as the subsequent closure of the matter indicates. Because Zussman has failed to supply a transcript of the crucial April 29, 1986 hearing, it is impossible for this Judge to clearly understand Judge Eisen's intention and the basis upon which he entered the April 29, 1986 Order. This Judge will not speculate or guess what Judge Eisen intended over seven years ago. It is undisputed, however, that the entry of that order on the docket on June 12, 1986 was followed by the closure of the case on June 30, 1986. It is also undisputed there has been a want of prosecution of this matter by Zussman. He waited almost four years later to have his second attorney file his first motion to correct the record in 1990. When he then failed to prosecute that motion, and it was denied on July 19, 1990, he waited almost three more years to file the instant motion. It is no excuse to argue that while his state court appeal wended its way through that system, matters were automatically stayed here in this Court, which was never apprised of the pendency of same. Zussman has offered no excuse or explanation for such failure to attend the hearing on his first motion, or supplement the record as he was given leave to do over three years ago.

Most importantly, Zussman has not furnished any evidence of what Judge Eisen intended. If what Judge Eisen really intended was the dismissal of the entire adversary proceeding, and he was mistaken in taking such action leading to the closure of same, that was a substantive mistake, not a mere clerical one, and is remediable only under Rule 60(b)(1), which could only be corrected within one year of the entry of such order on the docket, or before June 30, 1987. That time has long since run. Zussman's arguments addressing the allegedly erroneous rulings by the state courts are remediable by appeal in the state court system, not here in the federal bankruptcy court which does not serve as a court of review. State court judgments are entitled to full faith and credit. 28 U.S.C. § 1738. Accordingly, Zussman has not met his burden of proof under Rule 60(a) and his motion is denied. This does not mean, however, that Smilgoff is entitled to sanctions pursuant to Bankruptcy Rule 9011.

Turning to the request for sanctions, ideally, Zussman should have obtained the transcript of the April 29, 1986 hearing before preparing and filing this motion. This would constitute better preparation than merely relying on his interpretation of the record. Nevertheless, not every hearing transcript must be ordered before subsequent pleadings are prepared which make some reference to the hearing. Less is required to meet the affirmative duty to investigate the facts to support pleadings under Bankruptcy Rule 9011 standards. Some pre-filing investigation was done by Zussman who reviewed pleadings and the written record on which he based his interpretation of the intent behind the April 29, 1986 Order. The resulting pleadings, while not fully comprehensive of all important events, including the critical, but unknown statements made by Judge Eisen on April 29, 1986, are not lacking any factual foundation in the record so as to be frivolous.

No factual showing to support the conclusions pleaded has been made under Bankruptcy Rule 9011 that the contested portions of the pleadings were interposed to harass, cause undue delay, or merely to increase costs of litigation. On the contrary, the pleadings fairly and objectively viewed in their entirety, set forth Zussman's somewhat convoluted and disjointed position. The instant motion has some reasonable basis in fact and does not wholly lack plausibility. Zussman premised his legal arguments upon existing case authority although most of same is distinguishable, inapplicable and not controlling. Hindsight should have prompted Zussman to obtain the crucial transcript before pleading in this matter. That would have been a more complete pre-filing investigation. Additionally, no amount of attorney's fees have been specified and no supporting documents furnished.

### VI. *CONCLUSION*

For the foregoing reasons, the Court denies Zussman's motion to correct the record and also denies Smilgoff's request for sanctions. Each party shall bear his own fees and costs attendant hereto.

This Opinion serves as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

A separate order shall be entered herewith under Federal Rule of Bankruptcy Procedure 9021.

### *ORDER*

For reasons set forth in a Memorandum Opinion dated the 5th day of August, 1993, the Court hereby denies the motion of Arthur Zussman to correct the record pursuant to Federal Rule of Civil Procedure 60(a), and denies the request of Richard Smilgoff for sanctions under Federal Rule of Civil Procedure 11.