23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 John TARKOWSKI, Plaintiff/Appellant,
v.
ROBERT BARTLETT REALTY, et al., Defendants/Appellees.
 No. 92-2006.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 6, 1994.
Rehearing Denied May 31, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 John Tarkowski appeals from the district court's denial of his motion filed under Federal Rule of Civil Procedure 60(b)(4). In 1974, Tarkowski brought a Sec. 1983 action against the defendants for conspiring to violate his civil rights. Represented by court-appointed counsel, Tarkowski entered into a settlement agreement with the defendants in 1983. Pursuant to the agreement, the district court entered a judgment of voluntary dismissal with prejudice. Fed.R.Civ.P. 41(a). Tarkowski now moves the district court to reinstate the case, alleging that the defendants fraudulently procured the settlement agreement as they never intended to abide by the agreement. Tarkowski also alleges on appeal that both the district court and this court erred in denying his request for appointment of counsel. 28 U.S.C. Sec. 1915(d).
 
 
 2
 We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991). We note that because Tarkowski had failed to serve the defendants with his Rule 60(b) motion, the district court could have either dismissed Tarkowski's motion for failure to provide notice or required Tarkowski to cure the notice defect. See Fed.R.Civ.P. 5(a) (with a few exceptions, "every written motion ... shall be served upon each of the parties"); Glick v. Koenig, 766 F.2d 265, 269-70 (7th Cir.1985); Chief Freight Lines Co. v. Local Union No. 886, 514 F.2d 572, 577 (10th Cir.1975). However, because we find that the defendants were not prejudiced by the lack of notice, we will review the district court's denial of Tarkowski's motion.
 
 
 3
 The district court liberally construed Tarkowski's motion as being brought under Rule 60(b)(3), which provides relief from judgment on the grounds of fraud, misrepresentation, or other misconduct of an adverse party. The motion, however, must be made not more than one year after the judgment was entered. Fed.R.Civ.P. 60(b). In this case, Tarkowski's motion was made eight years after the dismissal of his action. Thus, Rule 60(b)(3) is not a proper basis for relief.
 
 
 4
 Similarly, Rule 60(b)(4) does not provide Tarkowski with relief. Although Rule 60(b)(4) has no time limit, it provides for relief only from void judgments, defined generally as judgments entered by courts without jurisdiction or in contravention of due process of law. Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 984 (7th Cir.1989). There is no indication that the district court rendered the judgment without jurisdiction. Nor is there evidence of due process violation, other than Tarkowski's bare allegation that the district court forced the settlement agreement upon him. Tarkowski persists on arguing that the defendants' alleged breach of the settlement agreement is grounds for reopening his 1974 action. However, standing alone, a settlement agreement is nothing more than a contract, D. Patrick, Inc. v. Ford Motion Co., 8 F.3d 455, 460 (7th Cir.1993), and as such, its construction and enforcement are governed by state law. Laserage Corp. v. Laserage Laboratories Inc., 972 F.2d 799, 802 (7th Cir.1992). Thus, under the circumstances, Tarkowski's remedy does not lie with federal courts.[1]
 
 
 5
 Finally, Tarkowski alleges on appeal that both the district court and this court erred in denying his request for "appointment and/or replacement of counsel." 28 U.S.C. Sec. 1915(d). We find nothing in the record to show that Tarkowski had moved the district court for appointment of counsel for purposes of filing the Rule 60(b) motion. Moreover, we find no merit in Tarkowski's argument that the district court should have sanctioned his prior court-appointed counsel for refusing to represent him in filing the Rule 60(b) motion. Counsel's appointment terminated eight years ago upon the dismissal of the case and when no appeal was taken.
 
 
 6
 Tarkowski's argument that this court erred in denying his request for appointment of counsel also fails. Tarkowski has no constitutional right to appointed counsel in a civil case, and the decision whether to appoint counsel is entirely within the discretion of this court. Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir.1982), cert. denied, 459 U.S. 1214 (1983). In any event, Tarkowski's argument had already been heard and rejected by this court upon his motion for reconsideration, and we find that the motion panel's decision was appropriate.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Tarkowski also claims that the district court erred in dismissing one defendant, Jack Hoogasian, prior to the parties' settlement. Because of our discussion concerning Tarkowski's Rule 60(b) motion, we will not consider this allegation