Alexis M. HERMAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BREWAH CAB, INC., a Corporation, Daniel Brewah, an Individual and Diane Brewah, an Individual, Defendants.

No. 96–C–499.

United States District Court, E.D. Wisconsin.

June 17, 1998.

Tracie R. Porter, U.S. Dept. Of Labor, Office of the Solicitor, Chicago, IL, for plaintiff.

F.M. Van Hecke, Van Hecke Law Offices, Chartered, Milwaukee, WI, for defendants.

## DECISION and ORDER

GORDON, District Judge.

This lawsuit was filed by the Secretary of Labor for the United States Department of Labor alleging that the defendants violated the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938 ["FLSA"], 29 U.S.C. § 201 et seq., by failing adequately to compensate their employees in accordance with the overtime provisions of the FLSA and by failing to keep accurate records of employees and the wages and hours they worked. The complaint sought a permanent injunction as well as recovery of unpaid back wages which were allegedly due the defendants' employees. The defendants denied liability on the ground that they were exempt from the overtime provisions of the FLSA because the corporate defendant, Brewah Cab, is a taxi company under 29 U.S.C. § 213(b)(17).

Cross motions for summary judgment were filed by the parties. By order of February 3, 1998, I rejected the defendants' argument that Brewah Cab fell within the narrow taxicab exemption to the overtime provisions of the FLSA. As a result, I directed the defendants to pay "$54,050.55 in unpaid overtime back wages to their employees" and "permanently enjoined [the defendants] from violating 29 U.S.C. § 207(a)(1)." A judgment to this effect was entered on

February 3, 1998. Presently before the court is the plaintiff's motion under Rule 60(a), Federal Rules of Civil Procedure, to amend the judgment. The plaintiff's motion and proposed amended judgment seek to alter the judgment in the following respects: (1) add a provision enjoining the defendants from "withholding back wages due defendants' employees"; (2) add provisions in the judgment relating to satisfaction of the judgment, a payment procedure to be utilized by the defendants and procedures for delivering checks to the relevant employees; and (3) recite the language of 29 U.S.C. § 207(a)(1) in the judgment. The motion will be denied.

■ Rule 60(a), Federal Rules of Civil Procedure, permits the court to amend the judgment "at any time" due to "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission. . . ." Rule 60(a) is used to conform judgments to the actual intent of the judge entering them. *Klingman v. Levinson*, 877 F.2d 1357, 1360–61 (1989). The court of appeals for the seventh circuit has held that a motion under Rule 60(a) is appropriate to implement the result intended by the court at the time the order was entered but is not appropriate where the proposed changes alter the original meaning to correct a legal or factual error. *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984 (7th Cir.1989).

■ In its brief in support of its motion, the plaintiff argues that the judgment of February 3, 1998, should be amended, in part, because the court intended to enjoin the defendants from "withholding back wages due defendants' employees" but did not include such a provision in its order or the judgment. As a basis for its contention that this was the court's intent, the plaintiff points to nothing more than the court's statement in the February 3, 1998, decision and order that the plaintiff had requested such injunctive relief.

The problem with the plaintiff's argument is that I did not intend to *enjoin* the defendants from withholding back wages which were due defendants' employees. The judgment and the order of February 3, 1998, each directed the defendants to pay its employees back wages in the amount of $54,055.00. As a result, enjoining the defendants from withholding those back wages would have been arguably superfluous. To the extent that the plaintiff asks the court to reconsider that legal conclusion, Rule 60(a) is not the proper mechanism for such relief. *Id.*

■ Along with its motion to amend the judgment, the plaintiff submitted a proposed judgment which it would like the court to enter as an amended judgment in this case. In addition to the amendment discussed in the preceding paragraph, the plaintiff's proposed judgment contains numerous alterations to the original judgment, including but not limited to, adding provisions in the judgment relating to satisfaction of the judgment, a payment procedure to be utilized by the defendants, and procedures for delivering checks to the relevant employees. The plaintiff offers no justification for these changes in its motion. One of the proposed amendments merely recites the statute which the court enjoined the defendants from violating. I believe such language is unnecessary in the judgment.

The plaintiff has failed to show that the modifications it requests are necessary to implement the result intended by the court at the time the judgment was entered as required under Rule 60(a). I find that there is no error, clerical or otherwise in that judgment. Accordingly, the plaintiff's motion to amend the judgment under Rule 60(a), Federal Rules of Civil Procedure, will be denied.

Therefore, the plaintiff's motion to amend the judgment under Rule 60(a), Federal Rules of Civil Procedure, be and hereby is denied.