**In re SCHWINN BICYCLE CO., et al., Debtor.**

**Schwinn Plan Committee, Plaintiff,**

**v.**

**AFS Cycle & Co., Ltd., et al., Defendant.**

**Bankruptcy Nos. 92–B–22474 to 92–B–22482.**

**Adversary No. 94 A 01618.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Aug. 9, 2000.

Liang–Houh Shieh, Taipei, Taiwan, for Plaintiff.

Mark K. Thomas, Katten, Muchin & Zavis, Chicago, IL; Howard Feller McGuire Woods Battle & Boothe, for Defendant.

JACK B. SCHMETTERER,
Bankruptcy Judge.

### MEMORANDUM OPINION

The matter before the Court is Fairly Bike Mfg Co.'s ("Fairly Bike") motion for reconsideration of this Court's May 15, 2000 order denying its earlier motion to amend and vacate the default judgment entered against it herein over three years ago ("Motion to Amend"). The Motion to Amend was denied after determination that the argument for relief fell within the purview of Fed.R.Civ.P. 60(b)(1) (applicable here under Fed.R.Bankr.P. 9024). The opinion behind the May 15th order held that the one year time limitation provided by that provision had elapsed, and also that threshold requirements for vacating a default judgment had not been met.

Fairly Bike has sought reconsideration of that order based on three arguments: (1) the motion to amend should not have been analyzed under Rule 60(b)(1), but

rather under Rule 60(a) as an effort to correct a clerical error; (2) Fairly Bike never received a preference from Schwinn under 11 U.S.C. § 547 contrary to the default judgment entered herein many years ago; and (3) various laws, rules, orders and decisions that were applied to Fairly Bike are unconstitutional.

Fairly Bike's current motion for reconsideration is denied. Its argument does not fall within the purview of Rule 60(a) which deals with clerical errors and the bare bones assertion as to unconstitutionality of various rules and laws have all been waived because it failed to cite legal support for these arguments. Also, this Court determined long ago at the default prove-up hearing that Fairly Bike did not resist over three years ago that it received payments that constituted preferences.

Following denial, this motion for reconsideration is also stricken because the earlier permission to Fairly Bike's counsel Dr. Liang–Houh Shieh to appear pro hac vice before this Court was revoked on June 28, 2000, and he no longer can file motions on behalf of his client because he is not admitted to the bar of this District Court and his local counsel withdrew some time ago.

### JURISDICTION

This matter is before the Court pursuant to 28 U.S.C. § 157 and referred here by Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b). Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### DISCUSSION

### FEDERAL RULES OF CIVIL PROCEDURE 60(a) AND 60(b)(1)

Fairly Bike argued in its earlier Motion to Amend that the following statements made by this Court in, *In re Schwinn*

*Bicycle Co.*, 190 B.R. 599 (Bankr.N.D.Ill. 1995), were misstatements that it sought to have corrected: (1) Fairly Bike's counsel argued in this case that Taiwan is part of the People's Republic of China for purposes of application of a treaty providing method to serve litigation process; (2) Fairly Bike requested this Court to transfer the preference action to Taiwan; and (3) APS International Ltd. specializes in international service. The Motion to Amend was denied because the relief it sought fell within Rule 60(b)(1) which requires that efforts to correct judgments must be brought within one year after entry of final judgment. Over three years had elapsed before Fairly Bike filed its Motion to Amend. In its current motion for reconsideration, Fairly Bike argues that this Court should not have considered the Motion to Amend under Rule 60(b)(1) but as an effort to correct a clerical error under Rule 60(a). However Rule 60(b)(1) applied, not Rule 60(a).

Under Fed.R.Civ.P. 60(a):

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Under Fed.R.Civ.P. 60(b):

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .

■ The occasional case of difficulty in determining whether motions are brought under Rule 60(b) or are brought to correct clerical errors under Rule 60(a) has been recognized in *Wesco v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir.1989), which set forth the following guidance:

"In this circuit, we have identified the relevant distinction as being between

changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error. Thus, '[i]f the flaw lies in the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, [ ] the parties must seek another source of authority to correct the mistake.' "

*Id.*

 Using this standard of evaluation, it is clear that Fairly Bike's claim for relief from the default judgment did not fall within terms of Rule 60(a) as a clerical error. Fairly Bike did not claim or show that statements in the 1995 opinion of this Court did not reflect the Court's intentions when the opinion was written. Indeed, they certainly did so. Rather, Fairly Bike contended that it did not take the positions attributed to it. The earlier opinion, however, accurately reflected this Court's interpretation of Fairly Bike's arguments at the time the opinion was written. Thus, there was no clerical error in transcription of the opinion, and no relief could lie under Rule 60(a). *See Id.* at 983 and *Brandon v. Chicago Board of Education,* 143 F.3d 293, 294 n. 2 (7th Cir.1998).

### PREFERENCES UNDER
### 11 U.S.C. § 547

 Fairly Bike continues to argue that it never received payments from Schwinn that constitute preferences. It again asks reconsideration of the refusal to vacate default judgment which determined that Fairly Bike did receive payments constituting preferences under 11 U.S.C. § 547. This latest motion for reconsideration raises the same arguments that Fairly raised in its original Motion to Amend which were considered, but rejected as without merit for reasons stated in the opinion entered earlier. Therefore the default judgment entered against Fairly Bike will not be vacated for those reasons. If Fair-

ly did not appeal the May 15th ruling, the reassertion of arguments deposed of there is a most improper predicate on which to take a belated appeal on these issues now.

### UNCONSTITUTIONALITY OF RULES,
### LAWS, ORDERS AND DECISIONS

 Fairly Bike's counsel also seeks to have certain of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Federal Rules of Appellate Procedures and Rules of the Supreme Court of the United States as applied to Fairly Bike declared unconstitutional and violative of the Treaty of Friendship, Commerce and Navigation ("Treaty of Friendship") signed between the United States and Taiwan.

Fairly Bike has alleged that the following rules are unconstitutional: Federal Rules of Bankruptcy Procedure 8002, 8006, 9006(f), 9022; Federal Rule of Appellate Procedure 4(a); Federal Rule of Civil Procedure 6(e), 60(b); United States Supreme Court Rules 33.1 and 39.8; any rules and laws that require that Fairly Bike retain American counsel to represent it; any rules that provides for service by mail instead of by registered mail and express mail; any rules that provide that the service is complete at the time of the deposit rather than at the time of actual receipt; any rules that refuse to accept the Chinese postmark as the filing date or as the date to act or respond.

Fairly Bike also alleges that the following are also unconstitutional and violate the Treaty of Friendship: the appointment of APS International Group as agent for service of process on Appellants; the order for issuance of letters rotatory which seeks international assistance. These latter arguments are another attempt to reargue issues relating to service of process in this Adversary which were decided years ago against Fairly Bike before the default judgment was entered.

Fairly Bike does not direct the Court to any cases or other legal authority that

512

support its arguments. It does not even indicate which provisions of the U.S. Constitution or the Treaty of Friendship is violated by the various federal rules.

█ The U.S. Court of Appeals for the Seventh Circuit has repeatedly made clear that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." See, e.g., *United States v. Brown*, 899 F.2d 677, 679 n. 1 (7th Cir.1990); *United States v. Petitjean*, 883 F.2d 1341, 1349 (7th Cir.1989); *United States v. Williams*, 877 F.2d 516, 518–19 (7th Cir.1989). The Court does not have a duty to research and construct legal arguments for a party. *Head Start Family Educ. Program, Inc. v. Cooperative Serv. Agency 11*, 46 F.3d 629, 635 (7th Cir.1995). Because its arguments regarding the unconstitutionality of various federal rules and the violation of the Treaty of Friendship are unsupported by any legal authority and undeveloped, Fairly Bike's argument is therefore found to have been waived.

### CONCLUSION

Fairly Bike's current Motion for reconsideration is therefore denied.

█ Moreover, this motion for reconsideration is also stricken from the record because the pro hac vice admission of Fairly Bike's Counsel Dr. Liang–Houh Shieh has been revoked by this Court. Fairly Bike needs an attorney admitted to practice here to enable it to file motions. Its failure to obtain one will continue to result in defeat of every motion filed by it under the signature of Dr. Shieh.