Lorenzo **BRANDON,** Plaintiff–Appellant,

v.

**CHICAGO BOARD OF EDUCATION,** Defendant–Appellee.

No. 97–1578.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1997.

Decided April 23, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied May 21, 1998.

James C. Reho (argued), Chicago, IL, Paul F. Peters, Chicago, IL, for Plaintiff–Appellant.

Marilyn F. Johnson, Taryn Springs, Kathleen M. Gibbons (argued), Robert R. Hall, Jr., City of Chicago Board of Education, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, COFFEY and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Lorenzo Brandon sought Rule 60 relief from a judgment entered against him for failure to prosecute his case. The district court denied relief and Brandon now appeals. The facts are unusual. Indeed, Brandon claims they are unique. Brandon filed his Americans with Disabilities action against the Chicago Board of Education on August 2, 1995. His attorneys, Paul F. Peters and James C. Reho, entered appearances in the case, listing as their address the Law Offices of Paul F. Peters, One North LaSalle Street, Chicago. It is undisputed that in docketing the case, the Clerk of the United States District Court erroneously entered Paul A. Peters, another Chicago attorney, who is located at 10 South LaSalle Street, Chicago, as attorney for the plaintiff. As a result of this error, subsequent mailings from the court were directed to the wrong attorney at the wrong address. Admirably, Paul A. Peters actually took the time to write to the Clerk of the district court, informing the Clerk that he was not counsel of record in the case, had no connection to the case, and was returning any materials sent to him.

Unfortunately, the Clerk's office still did not understand the nature of its error, and continued to send all minute orders and other mailings to the wrong address. As a result, Brandon's counsel never received notice of two different status hearings, and failed to appear. After failing to appear for the second status hearing, the court dismissed the case for want of prosecution on December 13, 1995. The order dismissing the case was also sent to the wrong address. A little more than a year passed before plaintiff's counsel began to wonder what happened to the case. Upon visiting the Clerk's office in late 1996, he discovered his case had been quite active without him. Included in the court's file was the letter from Paul A. Pe-

ters, orders setting status hearings, and the order dismissing the case for want of prosecution.[1]

On December 16, 1996, one year and three days after the dismissal, Paul F. Peters filed a Rule 60 motion to vacate the judgment. Astonishingly, yet another clerical error, this one caused by plaintiff's counsel, caused the motion to be spindled under the wrong case number. When plaintiff's counsel noticed this error on the day the motion was to be heard, he pointed it out to the Clerk's office. The Clerk's office told him the motion would not be heard that day, and would have to be re-noticed. Plaintiff's counsel then refiled the motion under the correct case number. Before the new date for the hearing, however, plaintiff's counsel received a minute order from the court, granting the motion. As a courtesy, plaintiff's counsel sent a letter to defendant's counsel, stating that the motion had been granted and no appearance was necessary on the date set for hearing the motion. Nevertheless, defendant's counsel appeared in court on the day of the hearing and persuaded the court to vacate its order granting Rule 60 relief. After briefing on the motion, the court ultimately denied Rule 60 relief.

■ On appeal, Brandon argues that he cannot be faulted for a lack of diligence when he was never notified by the court that there was anything he was supposed to be doing. He never ignored a court order, he contends, because he never knew about any orders. Rather, the clerical error in the Clerk's office was the source of the problem, and the district court abused its discretion in refusing to grant Rule 60 relief. Although Brandon initially moved for relief under Rule 60(a), he subsequently argued (and argues on appeal) that he is entitled to relief under Rule 60(b)(6). He admitted at oral argument that he is abandoning any claim to relief under Rule 60(a), which by its own terms applies only to clerical mistakes in "judgments, orders or other parts of the record and errors

---

1. The Board of Education filed two motions early in the case, one to extend the time to answer, and the other to file the answer *instanter*. Brandon received a notice for each of these motions, and opposed neither. The court entered minute orders granting the motions and, as before, the Clerk mailed the minute orders to the wrong attorney. The Board rightly points out that Brandon should have known something was amiss when he failed to receive either order.

therein arising from oversight or omission."[2] The Chicago Board of Education focuses its response on Brandon's lack of entitlement to relief under Rule 60(b)(1), stating that it is the only conceivably relevant subsection.

We begin by examining Rule 60(b), which provides, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Neither side argues that subsections (2) through (5) are applicable. Instead, Brandon argues that he is entitled to relief under subsection (b)(6), the catchall section. The Board contends that subsection (b)(1) is the only applicable section. The parties agree that we may not reverse a trial court's denial of a Rule 60(b) motion absent an abuse of discretion. *See Dickerson v. Board of Education of Ford Heights, Illinois,* 32 F.3d 1114, 1116 (7th Cir.1994) (trial court's denial

of Rule 60(b) motion reviewed under a highly deferential standard, and reversed only for abuse of discretion). Moreover, because a court's dismissal for failure to prosecute is itself reviewed only for abuse of discretion, "a court's decision under Rule 60(b) not to reinstate a case dismissed for want of prosecution has been described as 'discretion piled on discretion.'" *Id.,* 32 F.3d at 1117.

▮ "Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive. Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *Wesco Products Co. v. Alloy Automotive Co.,* 880 F.2d 981, 983 (7th Cir.1989) (internal citations omitted). Therefore, we must first determine if the relief sought falls within Rule 60(b)(1). We noted in *Wesco* that Rule 60(b)(1) applies to errors by judicial officers as well as parties. 880 F.2d at 984–85. The district court here appeared to be analyzing the motion pursuant to Rule 60(b)(1), finding that "[t]here was a lack of diligence," and that this was "certainly not excusable neglect." *See* Transcript of Proceedings before the Honorable George W. Lindberg, Feb. 11, 1997, at p. 8. The district court also acknowledged that Rule 60(b)(1) applies to errors by the court, stating that "if the rules mean anything, and the Seventh Circuit jurisprudence means anything, it means that lawyers must follow their cases. They cannot rely on the Judge, the law clerks or the courtroom deputies or the Clerk's office. They must follow their case." *Id.*

We agree with the district court that Rule 60(b)(1) is the appropriate mechanism for analyzing Brandon's request for relief. In-

---

**2.** Brandon is correct to abandon his Rule 60(a) argument. *See Wesco Products Co. v. Alloy Automotive Co.,* 880 F.2d 981, 984 (7th Cir.1989). We noted there that district courts often have difficulty determining whether motions are brought to correct a clerical error (as opposed to some other kind of error). "In this circuit, we have identified the relevant distinction as being between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error. Thus, '[i]f the flaw lies in the translation of the original

meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, [] the parties must seek another source of authority to correct the mistake.'" *Id.* (citing *United States v. Griffin,* 782 F.2d 1393, 1396–97 (7th Cir.1986)) (internal citations omitted). In the instant case, as in *Wesco,* the dismissal for want of prosecution accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a).

deed, the facts here demonstrate an unusual combination of error by the Clerk's office and neglect by the attorney.[3] Rule 60(b)(1) covers both. Having found that Rule 60(b)(1) applies, we must necessarily find that Rule 60(b)(6) does not apply. *Wesco*, 880 F.2d at 983. By its own terms, a motion brought pursuant to Rule 60(b)(1) must be made within one year of the date the judgment was entered. "[T]he one year time limit is jurisdictional and may not be extended in any event...." *Wesco*, 880 F.2d at 985. No one disputes that Brandon brought his motion one year and three days after judgment was entered against him. We therefore conclude that the district court did not abuse its discretion in denying relief.

AFFIRMED.

---

3. The instant case is distinguishable from the cases cited in the *Wesco* dissent, where various court clerks affirmatively misled parties as to the status of their cases. *See* 880 F.2d at 986–87 (Ripple, *Circuit Judge, dissenting*). Here, the Clerk did not affirmatively mislead plaintiff's counsel in any way. Indeed, when plaintiff's counsel finally went to the Clerk's office to determine the status of the case, the Clerk provided a complete and accurate record of the proceedings.