165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William W. MOORE-BEY, Plaintiff-Appellant,
v.
Dr. Conrado DELROSARIO, et al., Defendants-Appellees.
 No. 97-3752.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1998.*
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 96-CV-636. Allen Sharp, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed William Moore-Bey's civil rights case after mistakenly concluding that he had not paid his initial partial filing fee. Eight months later, Moore-Bey sought to have his case reinstated under Federal Rule of Civil Procedure 60, but the district court refused citing the lateness of his Rule 60 motion. Because the district court did not abuse its discretion in denying Moore-Bey's Rule 60 motion, we affirm.
 
 Background
 
 2
 In August 1996, William Moore-Bey, a prisoner proceeding pro se, filed suit against various medical personnel and prison officials seeking relief for what he alleged to be inadequate medical treatment. At the same time, he petitioned to proceed in forma pauperis ("IFP"). Over the next two months, Moore-Bey and the district court corresponded about the sufficiency of Moore-Bey's IFP petition. During this period, Moore-Bey submitted $2.74 to cover an initial partial filing fee, but because the court had not yet granted IFP, the court held the money as prepayment of whatever fee would be assessed if Moore-Bey's petition were granted. However, when, on October 28, 1996, the court finally granted Moore-Bey's IFP petition, the court ordered that Moore-Bey pay a $1.30 initial partial filing fee. Although Moore-Bey notes that the court sent one copy of its order to the superintendent of the wrong prison, he does not allege that he failed to receive the copy sent to him. Having received no response from Moore-Bey, the district court, on January 8, 1997, dismissed his case for failure to pay the initial partial filing fee. Again, Moore-Bey does not allege that he did not receive this order. Eight months later, on September 8, 1997, Moore-Bey filed a motion for reconsideration under Federal Rule of Civil Procedure 60 requesting the court to acknowledge his prior payment of the initial partial filing fee and reinstate his case. Citing Moore-Bey's delay in filing the motion to reconsider, the district court denied the motion. Moore-Bey now appeals the district court's ruling on his Rule 60 motion.
 
 Analysis
 
 3
 While Moore-Bey seeks relief under both Rule 60(a) and Rule 60(b), he can invoke only Rule 60(b) since Rule 60(a) applies only where, because of a clerical error, the judgment expresses something different than what the court intended. Brandon v. Chicago Bd. of Educ., 143 F.3d 293, 295 n. 2 (7th Cir.1998). Here the district court clearly intended to dismiss Moore-Bey's case. Thus, the district court properly denied relief under Rule 60(a).
 
 
 4
 Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." Dickerson v. Board of Educ. of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir.1994) (quotations omitted). Thus, we review the district court's denial of a Rule 60(b) motion under "a highly deferential standard," reversing only for an abuse of discretion. Id.
 
 
 5
 Rule 60(b) requires that motions filed under its provisions be "made within a reasonable time." We have noted that this is a flexible standard and that the meaning of "reasonable time" depends on the facts of each case. Kagan v. Caterpillar Tractor Co ., 795 F.2d 601, 610 (7th Cir.1986). However, a Rule 60(b) motion seeking to correct the district court's own error should ordinarily be filed within thirty days of judgment. Bank of California, N.A. v. Arthur Andersen & Co., 709 F.2d 1174, 1177 (7th Cir.1983).
 
 
 6
 Moore-Bey filed his Rule 60 motion eight months after the district court dismissed his case. Moreover, Moore-Bey has not offered an explanation for his delay in filing the motion. He does not allege that he never received the order dismissing his case, nor does he point to any circumstance that prevented him from filing the motion earlier. While we recognize the difficulties faced by prisoners proceeding pro se, a Rule 60(b) motion filed after an unexplained eight month delay must be considered untimely. Compare Sparrow v. Heller, 116 F.3d 204, 206 (7th Cir.1997) (finding two month delay accompanied by insufficient explanation to be too long); Kagan, 795 F.2d at 610-11 (finding motion filed three months after learning of judgment and six months after judgment to be untimely). In light of the untimeliness of Moore-Bey's Rule 60(b) motion, we can only conclude that the district court did not abuse its discretion. See Brandon, 143 F.3d at 296; Sparrow, 116 F .3d at 206.
 
 
 7
 Accordingly, we AFFIRM.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)