**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

RONALD E. O'DELL and PAULA
O'DELL, husband and wife,

    Plaintiffs-Appellants,

vs.

SUN REFINING AND MARKETING
COMPANY, a Pennsylvania corporation,

    Defendant-Appellee.

No. 99-5048
(D.C. No. 98-CV-487-B(J))
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TACHA** and **BRISCOE**, Circuit Judges, and **ROGERS**, Senior District Judge.[**]
_____

This is an appeal from a 1999 district court order dismissing plaintiffs' complaint to

vacate a judgment entered by the district court in 1991 following a jury trial. Three issues

are raised by plaintiffs: 1) whether the district court erred in determining that the complaint

failed to state a claim upon which relief could be granted; 2) whether the court erred in

concluding that the complaint was not filed in a reasonable time; and 3) whether the court

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

[**]The Honorable Richard D. Rogers, Senior United States District Judge for the District of Kansas, sitting by designation.

improperly considered material outside the pleadings in granting the motion to dismiss. After careful review, we shall affirm the district court's order without reaching the final two issues.

BACKGROUND

This action seeks relief from a judgment entered in a case plaintiffs filed alleging damages from a release of hydrogen fluoride gas on March 19, 1988 by the defendant Sun Refining and Marketing Company at its refinery facility in Tulsa, Oklahoma. This complaint was filed on July 6, 1998. The original action, Ronald E. O'Dell and Paula O'Dell v. Sun Refining and Marketing Company and E.I. DuPont De Nemours and Company, Case No. 89-C-434-B ("O'Dell I"), was filed May 24, 1989. In O'Dell I, plaintiffs alleged injury and loss of consortium from the hydrogen fluoride (HF) release. Ronald O'Dell alleged exposure to the gas as he was performing his duties as a police officer. His wife, Paula O'Dell, claimed loss of consortium. The jury, which found gross negligence on the part of defendant, returned a verdict for Ronald O'Dell, but only for $1.00. Zero damages were awarded to Paula O'Dell.

PLAINTIFFS' ALLEGATIONS

In the case now on appeal, the lengthy complaint alleges that defendant "with the aid and assistance of its attorneys" perpetrated a fraud on the court, plaintiffs, the Environmental Protection Agency and the Occupational Safety and Health Administration with regard to the true volume of the HF release and the operating conditions which permitted the gas to be

2

routinely vented into the atmosphere. This occurred, the complaint alleges, when defendant "through its attorneys" failed to produce documents in defendant's possession which would have demonstrated that the HF release was significantly larger than asserted by defendant. These documents were withheld, according to the complaint, under wrongful claims of privilege or by denying that the documents existed. It is further asserted that defendant through its attorneys placed witnesses on the stand and made presentations to the court which misrepresented the volume of the HF release on March 19, 1988. Plaintiffs further assert that the withholding of documents made it difficult to buttress the deposition testimony of a former Sun employee who stated there was a "massive carryover" of HF on the day in question. More specifically, the complaint asserts that the following documents were withheld from plaintiffs in spite of plaintiffs' efforts to discover them.

Calculations Regarding the Volume of the March 19, 1988 Release. Plaintiffs claim that a "Form R" report (also known as a SARA report) regarding the amount of HF emitted was in defendant's possession but was not produced in response to interrogatories which requested: (in interrogatory 17)"[A]ll writings or documents submitted by you to any governmental agency or representatives thereof in connection with such agencies' investigation of the hydrogen fluoride release . . . . [and in interrogatory 23] documents utilized in analyzing and determining . . . amounts of hydrogen fluoride released . . . . [and in interrogatory 24] the source of information relied upon . . . in determining [the] amount of hydrogen fluoride released . . ." Defendant identified or promised to make available some

sources of information in response to the interrogatories, but did not produce or identify the "Form R" report. Defendant also objected that the interrogatories were overbroad, an objection frequently repeated in connection with plaintiffs' discovery requests.

Insurance Claims Associated with the March 19, 1988 HF Release. Plaintiffs assert that defendant had telephone contact logs with names, phone numbers, and addresses of persons who claimed to have incurred damages from the HF release but did not reveal all of this information in response to an interrogatory. Defendants did respond to the interrogatory with a list of 84 names. Thirty-six of the names were listed with addresses. Sixteen of the names were listed with phone numbers. Plaintiffs assert that defendants only produced a partial listing of damage claims.

Technical Materials Regarding HF Fog Formation. Plaintiffs assert that an information booklet published by DuPont (the maker of HF) and titled "HF Fog Formation" was in defendant's possession but not produced in response to interrogatory 29, which asked for documents pertaining to HF, and a request for production of safety programs (including booklets and pamphlets). Defendant identified eighteen publications in response to interrogatory 29 and produced a list of safety training videos and documents in response to the request for production.

Investigation Reports Regarding the March 19, 1988 HF Release. Plaintiffs allege that a safety marshal's log and a memo with a report describing the emergency response to the HF release were not produced in response to a request for a production of documents

including, "All records concerning the General Accounting Office Investigation referred to by Tom McCollough in his deposition." This request for production was objected to as not relevant, privileged and unduly burdensome. Apparently, this response was not challenged with a motion to compel.

Logs and Inventory of HF Relating to Alky Unit #2. Plaintiffs allege that five documents (an acid log, a supervisor's log, a safety marshal's log, Du Pont HF invoices, and an Alky Unit #2 log) were produced in other litigation arising from the HF release but not produced in O'Dell I. Plaintiffs list four requests for production which plaintiffs contend should have covered these documents. Of these requests, defendant responded affirmatively to two and labeled a third as "repetitive". The fourth request for production asked for a "supervisor's daily sheet from November 1, 1987 to June 1, 1988." Defendant indicated that it did not have that document.

Mock HF Release Drill. Plaintiffs allege that defendant did not produce notes or information developed in connection with a January 1988 mock drill testing the response to a release of HF. Plaintiffs assert that an employee of the Tulsa City-County Health Department took such notes. Plaintiffs assert that the mock drill was not mentioned in response to a request for production of all safety related programs and meetings attended by personnel working in the areas where HF is used in the Tulsa refinery. Defendant did respond to the request for production with a list of videos and safety training programs and further indicated that it would be impractical to list all the meetings which concerned safety

issues.

Lab and Computer Results Regarding the HF Release.  Plaintiffs assert that they requested production of test results regarding the composition of feed materials in the Alky #2 Unit and that defendants falsely stated that the results had been produced in a deposition. Again, apparently no motion to compel was filed.

Studies and Surveys and Investigations Regarding the Condition of Alky # 2 Unit. Plaintiffs allege that two reports, one by a consulting company named Stewart & Bottomley and a safety review called a HAZOP review, were not produced during the O'Dell I litigation.  Plaintiffs assert that they posed interrogatories directed to identifying design, maintenance and operation records or documents as well as an interrogatory requesting a description of any defective equipment prior to the HF release.  Defendant provided some information with regard to each interrogatory, but the Stewart & Bottomley report and the HAZOP review were not identified.

RULE 60(b).

Plaintiffs are bringing this action under FED.R.CIV.P. 60(b) which provides:

(b) Mistakes;  Inadvertence;  Excusable Neglect;  Newly Discovered Evidence;  Fraud, Etc.  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or  excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it

6

is no longer equitable that the judgment should have prospective application; or (6) <u>any other reason justifying relief from the operation of the judgment</u>. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. <u>This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.</u> Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

(emphasis added).

ISSUES ON APPEAL

The district court dismissed the complaint, first of all, because the "alleged misconduct [in the motion for new trial] was substantively identical to that now alleged in the Complaint in this action . . . . and such allegations . . . do not rise to a 'fraud upon the court.'" App. at 0607. Second, the district court determined that plaintiffs could not proceed under Rule 60(b)(6). Finally, the district court found that a lack of diligence by the plaintiffs should bar their claim of fraud on the court.

A decision to dismiss for failure to state a claim is reviewed <u>de novo</u> and the allegations of plaintiffs' complaint are presumed to be true. <u>Miller v. Glanz</u>, 948 F.2d 1562, 1565 (10th Cir. 1991).

<u>Failure to State a Claim--Fraud on the Court</u>

The court has carefully reviewed plaintiffs' complaint and shall affirm the district

7

court's conclusion that the complaint fails to state a claim for fraud on the court.

This court has frequently described "fraud on the court" as follows:

> Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. . . . It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function--thus where the impartial functions of the court have been directly corrupted.

Weese v. Schukman, 98 F.3d 542, 552 (10th Cir. 1996); Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1266 (10th Cir. 1995) cert. denied, 516 U.S. 1045 (1996); Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) cert. denied, 474 U.S. 1086 (1986). This court has also embraced the following language from the Fifth Circuit:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

Weese, 98 F.3d at 552-53 (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)).

Plaintiffs have not alleged fraud directed to the judicial machinery. Plaintiffs have not alleged the fabrication of evidence relied upon by a court which, of course, is the centerpiece of the most noted case in this area, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Instead, plaintiffs allege nondisclosure or false statements in answer to pretrial discovery. Alleging that the nondisclosure was accomplished with the "aid

8

and assistance" of defendant's attorneys or "through" defendant's attorneys or via wrongful objections to discovery, is not sufficient to assert the kind of egregious misconduct necessary to state a claim of fraud on the court. Plaintiffs' allegations do not lift this case from a common dispute regarding the scope of discovery. As already set forth, the Tenth Circuit has frequently stated this is insufficient to establish a claim for fraud on the court.

It is not the court's goal to reward gamesmanship in discovery or to condone the concealment of information in the face of a legitimate interrogatory or request for production. Nevertheless, to characterize what is alleged in the complaint as fraud on the court would sacrifice the goal of finality in litigation for the much-belated arbitration of a discovery dispute. This is too large a sacrifice for the type of misconduct alleged in the complaint. Therefore, we agree with the district court that the complaint does not allege the kind of egregious misconduct necessary to constitute fraud on the court. See USM Corp. v. SPS Technologies, Inc., 694 F.2d 505, 509-10 (7th Cir. 1982) cert. denied, 462 U.S. 1107 (1983); Marquip, Inc. v. Fosber America, Inc., 30 F.Supp.2d 1142, 1146 (W.D.Wis. 1998) aff'd, 198 F.3d 1363 (1999).

Failure to State a Claim--Rule 60(b)(6)

Plaintiffs assert that even if their allegations do not state a claim for fraud on the court, a claim for relief under FED.R.CIV.P. 60(b)(6) has been stated. The district court found that plaintiffs' 60(b)(6) claim was excluded by the provisions of 60(b)(3) and the one-year limitations period applicable to actions under that clause. The district court further found

that plaintiffs' lack of diligence and neglect required the dismissal of that claim. We affirm the holding of the district court upon the first grounds.

Relief under 60(b)(6) is only appropriate when none of the first five clauses of the rule are applicable. See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988); Brandon v. Chicago Board of Education, 143 F.3d 293, 295 (7th Cir.) cert. denied, 119 S.Ct. 374 (1998); see also, In re Four Seasons Securities Law Litigation, 502 F.2d 834, 841 (10th Cir.) cert. denied sub nom., Ohio v. Arthur Andersen and Co., 419 U.S. 1034 (1974) (recognizing the "weight of authority" that Rule 60(b)(1)-(5) and 60(b)(6) are mutually exclusive but finding it unnecessary to follow that authority when the motion is timely filed under any of the clauses). Plaintiffs have alleged nothing which distinguishes their claim from one properly brought under 60(b)(3). Therefore, the district court was correct to dismiss plaintiff's claim for relief under 60(b)(6). See Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997); Marquip, Inc., 30 F.Supp.2d at 1145-46.

CONCLUSION

Based upon a de novo review of the allegations of the complaint, we find that plaintiffs have failed to state a claim for fraud on the court or relief under Rule 60(b)(6). Accordingly, we shall not decide plaintiffs' claims that the district court improperly considered materials outside of plaintiffs' complaint. Nor shall we decide whether the district court should have permitted plaintiffs an opportunity to conduct discovery and

present evidence regarding plaintiffs' diligence and whether the complaint was brought within a reasonable time. We do not need to reach these issues because our decision is based solely upon the allegations made in the complaint.

The judgment of the district court is AFFIRMED.

Entered for the Court


Richard D. Rogers
District Judge