**UNITED STATES of America,
Plaintiff,**

v.

**Clemmontee COTTON,
et al., Defendants.**

No. 99–C–0862.

United States District Court,
E.D. Wisconsin.

Dec. 17, 2002.

Susan M. Knepel, Milwaukee, WI, for Plaintiff.

Cynthia R. Tuczynski, Janesville, WI, for Defendants.

## MEMORANDUM AND ORDER

ADELMAN, District Judge.

Plaintiff, the United States, brought this foreclosure action against defendant, Clemmontee Cotton, after defendant defaulted on her Veteran's Administration mortgage. On November 1, 1999, I granted plaintiff's motion for a default judg-

ment, and the clerk entered judgment for plaintiff in the amount of $51,254.74 plus interest at a rate of 5.411 percent. I also ordered that, after a six-month period of redemption, defendant's house be sold at a public auction. On February 25, 2002, plaintiff conducted a public auction and was the high bidder, bidding $65,194.99 for the property. Plaintiff's bid equaled the amount of the judgment plus post-judgment interest, real estate taxes and insurance, advertising expenses, the cost of updating the title policy and property inspections.

On April 12, 2002, pursuant to Fed. R.Civ.P. 60(b), plaintiff filed a motion to amend the amount of the judgment to $65,194.99 to reflect its post-judgment expenses. However, I questioned whether I was authorized to grant the motion because it was made more than one year after the judgment was entered, in apparent violation of Rule 60(b).

On August 7, 2002, plaintiff withdrew its Rule 60(b) motion and filed a motion to amend pursuant to Fed.R.Civ.P. 60(a). Rule 60(a) provides that: "Clerical mistakes in judgments ... may be corrected by the court at any time." Plaintiff states that when it drafted the judgment it mistakenly failed to include a sentence providing: "That all sums hereafter advanced by plaintiff for insurance, necessary repairs, taxes, and costs of this action not included in the judgment may be added to the judgment by order at any time after the entry thereof." (R. 29 at 1.) Plaintiff contends that this omission was clerical in nature and correctable under Rule 60(a).

Rule 60(a) permits a court to correct clerical errors made by a court clerk or by the parties. *Jones v. Anderson–Tully Co.,* 722 F.2d 211, 212 (5th Cir.1984); *see also Myrtle v. Checker Taxi Co.,* 279 F.2d 930, 934 (7th Cir.1960) (extending Rule 60(a) beyond mistakes made by a court clerk). However, courts often encounter difficulty in determining whether an error is clerical. *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 984 (7th Cir.1989).

The Seventh Circuit has stated that the distinction between motions to correct clerical errors under Rule 60(a) and motions addressing more substantive errors is that the former seek changes that implement the result intended by the court at the time the order was entered, and the latter seek changes that alter the original meaning to correct a legal or factual error. *Id.* A clerical mistake is one made "in the translation of the original meaning to the judgment." *United States v. Griffin,* 782 F.2d 1393, 1398 (7th Cir.1986). It is a mistake that a clerk or amanuensis might make, such as an error made while transcribing dictation or copying a manuscript. *See Jones,* 722 F.2d at 212; *see also Brandon v. Chi. Bd. of Educ.,* 143 F.3d 293, 295 n. 2 (7th Cir.1998) ("[T]he dismissal ... accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a)"). Thus, in order for an error to be clerical, there must be some inconsistency between what was expressed during the proceedings and what the judgment reflects. *See Griffin,* 782 F.2d at 1396–97; Theodore A. Donahue, Jr., Note, *A History and Interpretation of Rule 60(a) of the Federal Rules of Civil Procedure,* 42 Drake L.Rev. 461, 470 (1993); *cf. Brandon,* 143 F.3d at 295 n. 2.

Plaintiff, which drafted the judgment in the present case, argues that its failure to include the provision permitting the government to recover post-judgment expenses was clerical because neither it nor the court intended to preclude such recovery. Under the test established in the Seventh Circuit, however, the error that plaintiff seeks to correct cannot be

considered clerical. Plaintiff presents no evidence that the judgment is inconsistent with anything that it or I previously expressed. Plaintiff does not show, for example, that it filed a document or made statements indicating that it would seek to recover post-judgment expenses in the event of a foreclosure. Rather, neither plaintiff nor I ever mentioned the issue. Thus, the mistake was not one of translation and does not fall within the narrow confines of Rule 60(a).

Plaintiff raises several arguments in response. Plaintiff argues that the law permitted me to include the provision in question in the judgment, *see* Wis. Stat. §§ 846.10(4) & 846.101, and that defendant Cotton agreed in her mortgage that it could be included. Thus, according to plaintiff, the parties intended that the judgment include the provision. However, this argument is unavailing because, even though plaintiff could have included the provision in the judgment, nothing that it did in the proceeding before me reflected an intent to do so.

Plaintiff also argues that the fact that the judgment permitted it to recover post-judgment expenses if defendant redeemed the property, but not if plaintiff foreclosed, indicates the presence of a clerical error. However, nothing on the face of the judgment suggests that the omission was unintended.[1]

For the foregoing reasons,

**IT IS ORDERED** that the United States's *motion to correct the judgment is* **DENIED**.

---

1. Plaintiff also argues that a foreclosure sale does not preclude me from correcting the judgment. *See Griffin*, 782 F.2d at 1399 (declining to reach the issue). However, because I have determined that I am not authorized to correct the judgment, I do not reach the issue either.