**Michael HARWOOD, Plaintiff–Appellant,**

v.

**Michael SUMMERVILLE, Defendant–Appellee.**

No. 03–1652.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 2004.

Decided Feb. 5, 2004.

Gregory J. German, Tepper, Mann & German, Urbana, IL, for Plaintiff–Appellant.

Mary P. Kerns, Office of the Attorney General, Chicago, IL, for Defendant–Appellee.

Before KANNE, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Michael Harwood alleged that he was subjected to an unconstitutional interrogation at a city jail by Michael Summerville, a Special Projects Officer for the Illinois State Police, and sued Summerville under 42 U.S.C. § 1983 for violating his Fourth and Fourteenth Amendment rights. During the interrogation, Harwood alleged, Summerville made numerous threats relating to his career, his fiancee, and the possibility of filing false charges against him. The district court dismissed Harwood's amended complaint and then denied Harwood's request for post-judgment relief. Only the denial of that motion is properly before us, and we affirm the court's judgment.

In his amended complaint, Harwood set forth the following allegations concerning the interrogation. Late in October 2000, he received a phone call from Summerville, who asked to meet with him that evening at the Hillsboro jail. Summerville "would not say why he needed to speak with [Harwood]." This complaint is somewhat lacking in details and context but, according to Harwood, Summerville met him at the station and accused him "of various criminal actions, all of which are denied by Plaintiff" and "threatened [Harwood] with twenty (20) years in prison." During the meeting, Summerville warned Harwood to "keep away from Mr. Harwood's fiancee, Diane Rhodes, and have no contact with her." Harwood, a self-described "skilled shooter of firearms" who had been "sponsored as a professional," also alleged that Summerville told him that he "would lose his [Illinois Firearms Owner Identification (FOID)] card" and "not have a shooting career."

Believing that Summerville had acted as a "renegade officer attempting to intimidate a civilian with inappropriate police authority, apparently on behalf of an acquaintance," Harwood took steps to remedy his perceived injury. He first requested that the Illinois State Police investigate the incident, but Sergeant Brad Ozee—the officer assigned to the investigation—did not even "attempt to contact important witnesses." Harwood then filed this suit against Summerville and the director of the Illinois State Police, Sam W. Nolan, (who was later dismissed as a party), alleging violations of his Fourth and Fourteenth Amendment rights and state claims of false imprisonment and intentional infliction of emotional distress.

On December 9, 2002, the court dismissed Harwood's amended complaint for failure to state a claim. The court held that allegations of "Sumerville's false accusations, inappropriate show of police authority, threats to imprison Harwood, and warnings for Harwood to stay away from [Harwood's] fiancee are not violations of Harwood's liberty interest." Because Harwood failed to show that a reasonable person would not have felt free to either avoid the meeting or leave once he had arrived, the court also concluded that the situation did not amount to an illegal seizure under the Fourth Amendment. The court then declined to exercise supplemental jurisdiction over the two remaining state claims.

Harwood then filed a self-styled "motion to reconsider" on January 8, 2003, reiterating that he had stated a claim for violations of his Fourth and Fourteenth Amendment rights. Harwood asserted that Summerville had improperly seized him in violation of the Fourth Amendment and violated his right to be "free from imprisonment and supervision." Expanding upon his earlier allegation concerning Summerville's threat against contact with his fiancee, Harwood added that he had a "liberty interest in getting married, and in conjunction with that liberty interest, there must be a liberty interest in being in the company of one's fiancee." Furthermore, Harwood argued for the first time that Summerville's threat to take away his FOID card infringed on his "freedom to contract and work" under the Fourteenth Amendment.

The court denied the motion. Construing the motion under Rule 60(b) (because Harwood had filed it more than ten days after the original judgment), the court held that Harwood's arguments presented inappropriate grounds for relief under Rule 60(b) and should have been raised instead on direct appeal.

One month later Harwood filed a notice of appeal. Recently we reaffirmed in a separate order that the appeal was timely only as to the district court's denial of his motion for reconsideration.

Harwood first argues that the district court abused its discretion in failing to grant relief from judgment based on its own alleged mistake or inadvertence under Rule 60(b)(1). According to Harwood, the court erred in concluding that he had waived his argument about "freedom to contract and work" by raising it for the first time in his motion to reconsider. This conclusion is flawed, Harwood insists, because the court mistakenly or inadvertently overlooked the allegations in his amended complaint in which he specifically alluded to Summerville's threats to interfere with his professional "shooting" career.

■ We review the district court's denial of relief from judgment under Rule 60(b) for abuse of discretion. *Talano v. Northwestern Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir.2001). Relief under Rule 60(b)(1) is granted only in exceptional circumstances, such as mistake, inadvertence, surprise and excusable neglect. *Id.* Rule 60(b)(1) may apply to clerical errors, oversights, or omissions by judicial officers. *See Klingman v. Levinson*, 877 F.2d 1357, 1361 (7th Cir.1989); *see also Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir.1998) (Rule 60(b)(1) applies to errors by the court). However, a Rule 60(b)(1) motion is not meant to correct legal errors by the district judge. *See Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017–1018 (7th Cir. 2002); *Russell v. Delco Remy Div. of Gen. Motors Co.*, 51 F.3d 746, 749 (7th Cir. 1995). "The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000).

Harwood's essential argument—that the district court misinterpreted his amended complaint—is the sort of legal argument that he could and should have made on direct appeal. He cannot resort to Rule 60(b) in an attempt to correct what he perceives as the court's failure to understand his legal theory. *See Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697–98 (7th Cir.2000) ("legal blunders" that do not void the judgment, such as wrongly excluding evidence, misinterpreting evidence presented and not understanding plaintiff's theory of the case, are not grounds for Rule 60(b) relief).

Harwood alternatively relies on Rule 60(b)(6)'s catchall provision to argue that he deserves relief because he has a meritorious case that was only "terminated by the fact that the District Judge was unaware of all the allegations" in the amended complaint. But Rules 60(b)(1) and 60(b)(6) are mutually exclusive provisions. *See Berwick Grain Co., Inc. v. Ill. Dep't. of Agric.*, 189 F.3d 556, 559 (7th Cir.1999). And in this case, Harwood specifically requested relief based on mistake and inadvertence, which falls under Rule 60(b)(1). *See Brandon*, 143 F.3d at 295 (if asserted grounds for relief fall under first three provisions of Rule 60, catchall provision is not available).

Harwood also argues that the district court erred in concluding that he did not state a claim under the Fourth and Fourteenth Amendments, contending that he had sufficiently alleged violations of his constitutional rights of "freedom from restraint," "freedom to contract and work," and freedom to marry. This argument fails for the same reason: Rule 60(b) cannot be used to correct "mere legal blunders" that should have been addressed through a timely appeal. *Cash*, 209 F.3d at 697–98; *see Bell*, 214 F.3d at 801.

Finally, Harwood contends without elaboration that the district court abused its discretion in failing to offer him a second opportunity to amend his complaint. However, Harwood never asked for leave to amend his complaint from the district court, either in his Rule 60(b) motion or otherwise, and thus there was no request before the court to grant or deny. *Borowski v. DePuy, Inc.*, 850 F.2d 297, 302 (7th Cir.1988); *Estate of Johnson v. Vill. of Libertyville*, 819 F.2d 174, 178 (7th Cir. 1987). In any event, Harwood does not explain how such a second opportunity to amend would have saved his claim. *See Doe v. Howe Military Sch.*, 227 F.3d 981, 989–90 (7th Cir.2000) ("District courts do not have to engage in guessing games about proposed amendments, and the judge here was well within his discretion to deny this motion [to amend.]").

Because Harwood has not alleged grounds warranting relief under Rule 60(b), we AFFIRM the judgment of the district court.