**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2006[*]
Decided July 17, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Nos. 05-4046

| | |
|---|---|
| CHARLES PHELPS<br>    *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Northern<br>District of Indiana, South Bend |
| *v.* | Division |
| PATRICK McCOY, et al.,<br>    *Defendants-Appellees*. | No. 3:04-CV-006 AS |
| | Allen Sharp,<br>*Judge*. |

**O R D E R**

Indiana prisoner Charles Phelps was charged with two disciplinary violations after contraband was discovered in the trash can in his cell. A prison conduct adjustment board (CAB) found him guilty, but both convictions were eventually set aside in an administrative appeal. Phelps sued the members of the CAB under 42 U.S.C. § 1983, alleging that it had wrongfully denied him the opportunity to introduce certain evidence at his hearings. The district court granted summary judgment to the defendants. Phelps appeals, and we affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

After his hearing before the CAB, Phelps was convicted of possessing tobacco and pills of uncertain origin and effect; the first charge led to a sentence that included a loss of 90 days of earned good-time credits, and the second, a loss of 30 days. Phelps appealed to the superintendent of the prison, who remanded both cases for new hearings because of an unspecified "due process error"—presumably that Phelps had asked the CAB to present as evidence the surveillance video of his cell, and this request was rejected. The CAB held new hearings and again adjudged Phelps guilty and revoked his credits without allowing him to present the videotape. Again Phelps appealed; this time his appeals were granted outright based on the exclusion of the videotape and the two disciplinary charges were dismissed. But even though he prevailed and received no punishment, Phelps believed he was still aggrieved and so he sued. The district court, relying on the defendants' mistaken concession that even after the second round of appeals was granted Phelps had still been deprived of credit time, denied summary judgment to the defendants and granted partial summary judgment to Phelps. But when alerted to the mistake over a month after entering judgment the court granted the defendants' motion for reconsideration.

Phelps faces a double bind in his challenge to the CAB's ruling about the videotape. He could not file this civil rights suit until his CAB convictions were set aside because a judgment in his favor would have necessarily implied the convictions' invalidity. *See Heck v. Humphrey*, 512 U.S. 477 (1994). But now that the convictions have been reversed and his good-time credits restored, he has no basis for a federal suit. The protections of the due process clause do not attach unless Phelps was deprived of a liberty interest. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Since his good-time credits were never revoked, he cannot claim a right to due process under *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). And he was not punished, so he cannot claim that he has a protected interest in avoiding other sanctions short of credit deprivation, which themselves do not even rise to the type of "atypical and significant hardship" that is protected by the due process clause. *See Sandin v. Connor*, 515 U.S. 472, 486 (1995) (itself an action under § 1983).

Phelps also attacks the district court's decision to grant post-judgment relief to the defendants after mistakenly granting Phelps partial summary judgment. He says that the defendants' motion to reconsider was untimely, pointing to the 10-day limit in Federal Rule of Civil Procedure 50. But a motion for reconsideration that is filed beyond ten days after entry of judgment is automatically considered a motion under Rule 60(b), which has a longer time limit. *Talano v. Northwestern Medical Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Here, we see no basis for finding that the district judge abused his discretion in granting relief: he relied on the defendants' mistaken reading of the evidence, and when the mistake was pointed out, corrected the error. Rule 60(b)(1) encompasses mistakes by judicial officers as well as others. *See Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th

Cir. 1998); *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984–85 (7th Cir. 1989). And Phelps's argument that the district court was collaterally estopped by its original decision from granting post-judgment relief is so clearly meritless that it does not warrant discussion.

AFFIRMED.