**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided November 9, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 21-1019 | |
| BEAU ELLENBECKER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | No. 20-C-1231 |
| JIMMY JOHN'S, LLC, | William C. Griesbach, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Beau Ellenbecker, a former store manager at Jimmy John's, appeals the denial of his post-judgment motion challenging the dismissal of his employment-discrimination complaint. Because the district court acted well within its discretion to deny the motion, we affirm.

---

[*] Appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a).

Ellenbecker alleged that he was fired from Jimmy John's in retaliation for alerting management to the sexually vulgar comments of a former coworker. *See* 42 U.S.C. § 2000e-3. The district court screened and dismissed his complaint for failure to state a claim. Ellenbecker did not appeal and instead moved for relief from judgment under Rule 60(a) of the Federal Rules of Civil Procedure, which concerns corrections based on mistakes arising from oversight or omission. Ellenbecker asserted that he brought his suit in the wrong judicial district. He contended that the Eastern District of Wisconsin was the wrong venue for this suit, given that the events he complained about all occurred in the Western District. The court denied Ellenbecker's motion because Rule 60(a) is designed to correct clerical errors, not to substantively alter the court's decision.

Ellenbecker then appealed. Because he filed his notice of appeal more than 28 days after entry of judgment, however, we limited our review to the denial of his Rule 60(a) motion. (Order of Jan. 29, 2021).

Ellenbecker maintains that his filing of this suit in the wrong venue deprived the district court of jurisdiction. In his view, the court should have vacated the judgment and transferred the action to the Western District of Wisconsin.

This argument falters on multiple grounds. First, a belated objection to venue is not a ground for relief under Rule 60(a). *See Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 n.2 (7th Cir. 1998). Second, improper venue does not affect jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[V]enue and subject-matter jurisdiction are not concepts of the same order. Venue is largely a matter of litigational convenience; accordingly it is waived if not timely raised."). Third, because all the events Ellenbecker complained about occurred in Wisconsin, it does not matter which district in the state he chose. Venue is a creature of statute, *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013), and the Title VII venue provisions permit filing "in *any judicial district in the State* in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3) (emphasis added).

We have considered Ellenbecker's other arguments on appeal, and none has merit.

AFFIRMED