**In re SCHWINN BICYCLE CO., et al., Debtor.**

**Schwinn Plan Committee, Plaintiff,**

**v.**

**AFS Cycle & Co., Ltd., et al., (Fairly Bike Mfg. Co., Ltd.), Defendant.**

**Bankruptcy Nos. 92 B 22474 to 92 B 22482.**

**Adversary No. 94 A 01618.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

June 28, 2000.

Mark K. Thomas, Katten Muchin & Zavis, Chicago, IL; Howard Feller, McGuire Woods Battle & Boothe, Portland, ME, for Plaintiff.

Liang–Houh Shieh, Taipai, Taiwan, for Defendant.

### MEMORANDUM OPINION ON COMMITTEE MOTION TO REVOKE DR. SHIEH PRO HAC VICE STATUS AND ON MOTIONS FILED BY DR. SHIEH

JACK B. SCHMETTERER, Bankruptcy Judge.

This matter is before the Court on motion of Schwinn Plan Committee to revoke the pro hac vice admission of Dr. Liang–Houh Shieh ("Dr. Shieh"), which earlier permitted him to appear as Taiwan counsel for Defendant Fairly Bike Manufacturing Co., Ltd. Also, Dr. Shieh has filed many cross motion.

### BACKGROUND

On October 7, 1992 Schwinn Bicycle Company ("Schwinn") and several related entities filed Chapter 11 bankruptcy petitions herein.

On June 6, 1994, Schwinn's Plan of Liquidation (the "Plan") was confirmed. Pursuant to Article IX of the Plan, the Schwinn Plan Committee was established to perform various tasks necessary to implement the Plan. Pursuant to Section 9.2 of the Plan and paragraph 34 of the Order confirming the Plan, the Schwinn Plan Committee was authorized to prosecute any proceedings which could be brought on behalf of Schwinn's bankruptcy estate and to recover any transfers to which the Debtor might be entitled under the Code, including preferences.

In October, 1994, the Schwinn Plan Committee filed an Adversary Complaint seeking under 11 U.S.C. § 547 to recover preferential transfers from several defendants, including Fairly Bike Manufacturing Company, Ltd. ("Fairly Bike"), a Taiwan corporation.

In accord with Local Bankruptcy Rule 603(A), Fairly Bike filed a Designation of Local Counsel on February 23, 1995, designating Eric G. Grossman as local counsel. Mr. Grossman then filed his Appearance on behalf of Fairly Bike and Ming Tai Hardware Ind. Co. ("Ming Tai"), a co-defendant.

On August 2, 1995, asserting that he was lead counsel for Fairly Bike and Ming Tai, Dr. Shieh moved for his admission Pro Hac Vice. An order allowing him to appear Pro Hac Vice was entered that day.

On March 25, 1996, after several hearings in connection with Schwinn Plan Committee's motion for default judgment to be entered in this Adversary proceeding against Fairly Bike, a Default Judgment was entered herein against Fairly Bike in the amount of the Schwinn Plan Committee's preference claim.

On September 13, 1999, over three years after that Default Judgment was entered against Fairly Bike, Dr. Shieh filed its Motion to Amend December 13, 1995 Decision and Default Judgment. That motion was later denied for untimeliness and also for failure to meet threshold requirements for vacating a default judgment. *Schwinn Plan Committee v. AFS Cycle Company,* 248 B.R. 328 (Bankr.N.D.Ill.2000).

Soon after Fairly Bike filed its Motion to Amend, Mr. Grossman moved for leave to withdraw as local counsel. That motion was allowed on October 25, 1999.

The Schwinn Committee filed its current motion to revoke the pro hac vice admission of Dr. Shieh. That motion is based on Shieh's disbarment from the state bars of California and New York and federal bars of the U.S. Supreme Court and the U.S. Court of Appeals for the District of Columbia.

In response, Dr. Shieh has filed many motions, documents and appendices all without designating local counsel: Fairly Bike's Motion for Deemed Admissions and for Imposing Sanctions Against Schwinn

and its Counsel; Fairly Bike's Motion for Deemed Admissions; Shieh's Motion for Deemed Admissions Against Schwinn and its Counsel; Fairly Bike's and Shieh's Motion to Compel Deposition and Production of Documents, and to Impose Sanction Against Schwinn and its Counsel Jointly and Severally; Motion for Sanctions Against "Convicted Felons and Indicted Felons" for One Million Dollars; Shieh's Motion to Compel Deposition, Appearance, and Production of Documents, and to Impose Sanction Against SBC, California, New York and Washington D.C. Criminal Defendants; Motion to Disqualify Brian Graham and His Co-counsel and to Suspend Their Licenses to Practice Law Before the Court on the Grounds of Their Criminal Indictments of Felonies, Repeated and Endless Bad Faith Acts, and Tactics, Frivolous Motions and Oppositions, Frauds Upon this Court, Conspiracy to Commit Perjury and Other Felonies; Motion for Extension of Time to File Answer and Opposition to Schwinn's Motion; Request for Hearing by Overseas Phone Calls; and Request to Rule on Fairly Bike's Motion Prior to Schwinn's Motion. When all stacked together, those pleadings stand six inches high, including two voluminous appendices totaling over 1300 pages. Dr. Shieh seems to lack appreciation of the need in federal pleadings for plain and clear allegations.

The foregoing papers filed by Dr. Shieh generally seek to have this Court investigate various complaints about events and acts in and before other courts having nothing to do with this Adversary case of bankruptcy. In addition, Dr. Shieh seeks to take discovery in what appears to be his renewed and never ending effort to reopen the default judgment against his client over three years after he failed to oppose it when originally entered.

## DISCUSSION

It is commonly provided under local District Court rules that any attorney who is not a member of the bar of a particular District Court in which the attorney desires to appear in a case, but who is admitted to practice before another District Court or before the highest court of a state, may upon request be admitted to appear pro hac vice in the case. Some rules require that such an attorney designate a member of the bar of the District Court in question as local counsel upon whom papers may be served.

This jurisdiction has such rules among Local Bankruptcy Rules approved by our District Court: "A member in good standing of the bar of the highest court of any state or of any United States District Court may, upon motion, be permitted to argue or try a *particular case* in whole or in part." (Emphasis added) Local Bankruptcy Rule 602. "Unless excused by order for cause shown, an attorney primarily responsible for matters before the court ("lead counsel"), but not having an office within this District may not appear before this Court in any contested matter or adversary proceeding unless such lead counsel first designates a member of the bar of the District Court having an office within this District upon whom such service may be made." Local Bankruptcy Rule 603(A).

■ The Latin phrase "pro hac vice" means: "For this occasion or particular purpose. The phrase usually refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." Black's Law Dictionary 1227 (7th ed.1999).

■ On August 2, 1995, Dr. Shieh was admitted pro hac vice only for the purpose of his appearing as lead counsel to defend Fairly Bike and Ming Tai in this Adversary case. The Adversary for which Dr. Shieh was admitted pro hac vice and the related Schwinn bankruptcy case itself were each closed on April 15, 1999 and March 5, 1999 respectively. After the Adversary case was closed, the Court entertained Fairly's motion filed by Dr. Shieh to amend and vacate the Default Judgment

entered against Fairly Bike. That motion was denied by this Court. *Schwinn Plan Committee v. AFS Cycle & Co. Ltd., et al.,* 248 B.R. 328 (Bankr.N.D.Ill.2000).

Thus, there is no matter left to be resolved in this Adversary. Because pro hac vice admission by its very meaning is for a particular case and here that case has already been closed, Dr. Shieh's admission to appear here is no longer valid under the original authorization.

■ Moreover, when Dr. Shieh was admitted pro hac vice, Fairly Bike was also represented, as Local Bankruptcy Rule 603(A) requires, by its local counsel Mr. Grossman who had been designated by Dr. Shieh. However, on October 27, 1999, Mr. Grossman was granted leave to withdraw as local counsel. To date, Dr. Shieh, who offices in Taiwan and does not have an office within the Northern District of Illinois, has failed to designate any other attorney admitted to this District Court as local counsel for Fairly Bike. Nor has any order been entered allowing Dr. Shieh to appear without meeting the requirements of Local Rule 603(A). While the earlier motion filed by Dr. Shieh on behalf of Fairly Bike without local counsel was entertained, that was Fairly Bike's motion to vacate the Default Judgment, and that motion was integral to counsel's originally authorized representation. The reason for his earlier authorization has now expired and he was never given authority to appear here to pursue other matters and file other motions. Dr. Shieh was also not in compliance with Local Rule 603(A) when he filed subsequent motions. For both reasons, all pending motions filed by Dr. Shieh without local counsel and after his authorization to appear had expired will be stricken. *See* Local Rule 603(B).

Further, Dr. Shieh's effort to take discovery into issues resolved by the default judgment comes too late for reasons set forth in the Opinion denying his effort to reopen that default judgment. Finally, his effort to assert complaints about conduct of parties and lawyers, to the extent they relate to other proceedings, seek to raise issues on which no core or related jurisdiction lies here, *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 162–63 (7th Cir.1994).

### *CONCLUSION*

Dr. Shieh was admitted pro hac vice to enable him, with aid of local counsel, to defend Defendants in this particular Adversary case. The Adversary proceeding is now over and all issues therein have been finally decided. It has been closed. The bankruptcy case itself is also closed. Therefore, the purpose for Dr. Shieh's pro hac vice admission has expired, and his permission must be revoked for that reason by separate order. There is no need to reach the many issues asserted against him in the Committee's motions that were based on decisions entered in other jurisdictions, and those issues are moot in light of the ruling here.

Moreover, Dr. Shieh has filed numerous motions and pleadings without designating local counsel in violation of Local Bankruptcy Rule 603(A), and all those motions will be stricken for that reason and also by reason of the expiration of his authority to appear. Moreover, the issues he seeks to raise in those motions and pleadings were either foreclosed by the default judgment and prior denial of his effort to reopen it, or beyond the jurisdiction of this Court. Therefore, the cross issues raised and attacks asserted by Dr. Shieh against the Committee and its counsel are all to be stricken by separate order.